WARD
vs
BEATTY & BIGGS.

changing the annuity shall be made satisfactorily to appear.

*Apperson* for plaintiff; *Peters* for defendant.

TRESPASS.

*Case 82.*

## Ward *vs* Beatty and Biggs.

ERROR TO THE GREENUP CIRCUIT.

*Trespass.   Double damages.   Distress for rent.*

*April* 19.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

Double damages cannot be awarded against a landlord for distraining the goods of a stranger for rent— Nor of the tenant unless there be, in fact, no rent due.

IN this case double damages were adjudged to a stranger for a trespass in taking his goods under a distress warrant against a tenant who owed his landlord rent, for which there may have been a right to distrain the tenant's goods.

The only authority for double damages for a wrongful distress, is given by the third section of an act of Virginia of 1748, still in force here.

But that section applies only to a distress *where no rent was due,* and can have no more application to a tortious caption of a stranger's property, under a distress against another for rent due by the latter, than it would have to any other trespass by one person on the property of another.   It is not the fact that the property distrained was not subject to the distress, but only the fact that no property was subject, because no rent was due, which can give a title to double damages.

It is not necessary, of course, to say whether, if no rent had been due, the third section of the act of 1748 should now be deemed applicable to or available by a stranger whose property is not, as it might have been in 1748, subject to distress for rent due by another person, or should only apply to the owner of property subject to distress, but distraining of which was wrongful, because no rent was due.

Judgment reversed, and cause remanded.

*Apperson, Robinson & Johnson* for plaintiff; *Beatty* for defendants.