COVENANT.   Commonwealth, for Anderson *vs* Light-
foot, &c.

*Case 82.*          ERROR TO THE BRECKINRIDGE CIRCUIT.

*Sheriffs.   Levy of Executions.   Damages.*

*June 23.*   JUDGE SIMPSON delivered the opinion of the Court.

THIS is an action against a Sheriff on his official bond,
Case stated.   and the breach mainly relied upon is, that having an exe-
cution in his hands in favor of the relator, he failed to
make a sufficient levy.

It is no doubt the duty of an officer in levying, to take
It is the duty of   property enough, if to be had, to satisfy the execution in
a Sheriff to make
a sufficient levy   his hands. It is not admitted, however, that the dis-
to satisfy the ex-   charge of this duty requires him, at his peril, to seize on
ecution in his
hands—but not   property to an extent sufficient, when it is disposed of by
an excessive le-   public sale, to raise, in any event, a sum sufficient for this
vy. He should
be governed in   purpose. In the performance of this duty he must exer-
this by a sound   cise a prudent, reasonable and cautious discretion. If
discretion.
he fail to do this it is a violation of his duty. He is, in
this respect, to be governed by the rules which influence
the conduct of discreet and prudent men in the manage-
ment of their own affairs. He must take into his posses-
sion an amount of property, sufficient when sold, in all
reasonable probability, making a proper allowance for
the sacrifice usually incident to officers sales, to bring a
sum that will pay off the execution in his hands. But
he may be liable on the other hand, to the defendant in
the execution, if he make an excessive levy. He is,
therefore, to perform his duty as Sheriff, having an eye to
the security of the plaintiff's debt, and avoiding all acts
of oppression towards the defendant.

Testing the conduct of the Sheriff in this case by this
standard, we are inclined to the opinion that the levy
made by him should be deemed insufficient.

The injury, however, which the plaintiff in the execu-
If the Sheriff fail   tion sustains by the official delinquency of the officer in
to levy, or to
make a sufficient   its management, determines the extent of the officer's

liability for such delinquency.  It does not follow as a matter of law, that an officer is rendered liable for the whole debt, by a failure to levy an execution in his hands. His liability is fixed by the extent of the injury sustained by the creditor.  If the collection of his debt be merely postponed, but its safety not jeopardized, although the officer, in consequence of his misconduct, is liable to an action, he is not to be subjected to the same amount of damages, as if the debt had been entirely lost.  In this case the plaintiff has failed to manifest by proof, the extent of his injury.  He has not produced any evidence that the defendants in the execution are insolvent, or that he has been unable to collect his debt.  He has rested his claim to a recovery of the full amount of his execution, solely on the ground of the failure of the officer to make a sufficient levy, without attempting to show the damage he has sustained by such failure.  In this description of action the amount of the execution is not the measure of damages; but the actual damage sustained, to be manifested by the particular circumstances of each case : (3 *Bibb*, 356 ; *Littell's Select. Cases*, 132.)

Admitting, therefore, the levy to have been insufficient, and the subsequent conduct of the Sheriff in disposing of the property to have been improper and illegal, we are not able to say that the Court erred in overruling the plaintiff's motion for a new trial; it not appearing that the verdict which he obtained, was inadequate to meet the full extent of the injury which he sustained.

Wherefore, the judgment is affirmed.

*Harlan & Craddock* for plaintiff.

