JUDGE WILLIAMS
delivered the opinion op the court:
After appellee’s counsel had inquired of the witness, January, whether the stock could have gone into that part of the stable where the carriages and buggies were, and among them, it was competent and proper for appellant’s counsel to inquire whether it would not have been dangerous and difficult for the stock to do so. This was not evidence in chief, but was a mere continuation of the evidence drawn from plaintiff’s witness by the *505 defendant, and to destroy any presumption which might arise from the previous statement so drawn out by defendant; and its rejection was erroneous. Until drawn out by defendant, plaintiff could not apprehend its relevancy.
Aji officer may levy on so much property as he may reasonably deem necessary to pay the debt and costs; and as property, at forced execution sales, frequently sells at a sacrifice, he should not be held to a strict value, yet he should exercise ordinary prudence and vigilance in ascertaining the probable value of property levied on; and when property may have an extra value, on account of some peculiarly valuable quality, as of blood in horses or cows, he should use at least ordinary vigilance in ascertaining this; and should he fail to do so, but prefer to depend upon his own skill and judgment, and, because of deficiency in these, he should make an excessive levy, he would, nevertheless, be responsible therefor. Certainly a constable, with an execution for ten or twenty dollars, would not be justified in levying on a colt worth hundreds of dollars because of its blood, when an ordinary scrub colt would suffice to pay the debt, merely because he did not know the difference, when he used no means to inform himself. The instructions given, at defendant’s instance, as to this, were erroneous and misleading.
There seems to be no contrariety of evidence as to the character and unfitness of the lot in which the stock was kept, and the injury to the stock resulting . therefrom; yet we perceive no error in the instructions to the jury on this subject.
Not only the execution issued by the clerk, but his execution-book, in which he notes the day of issual, the amount of principal, and from date interest runs, amount *506 of costs, to whom delivered, and when returnable, are all by law made records, and, as heretofore decided by this court, in Green vs. Goodwin (4 Met., 275), are not susceptible of contradiction or alteration by parol. As these have all the verity and solemnity of records, and frequently involve important rights, their alteration in a careless and unauthorized manner cannot be too severely censured, nor too vigilantly guarded by courts of justice. Whilst we do not say that a clerk, on ascertaining a mere mistake in the issual of an execution, may not himself, or by deputy, correct it by an alteration in its face, and the alteration of his execution-book to correspond therewith, especially when this will not affect any important rights, we do unhesitatingly say he has no right to authorize a collecting officer to change, or in any way alter, the process. The office of sheriff and clerk are wholly incompatible, and he has no right to deputize the sheriff, even for a single case, to act as his deputy. Therefore, had the interlineation made the execution returnable to the proper day, it would have' been nugatory. But the interlineation was as much or more erroneous than the original execution.
The originals are brought to this court for its inspection, and the interlineations make the execution returnable on the “ second Saturday succeeding the first Monday in March” whereas the clerk, in his evidence, states the return day, as fixed .by the court, to be “ the Monday succeeding the second Saturday in each month.” So the interlineation could not help the execution, even if it could be regarded, and the copies .contained in the record correspond with this interlineation in the originals.
But we are not disposed to regard the original executions as wholly void, but we think they should be re *507 garded as a protection to the officer who should levy them previous to the return-day designated therein.
If injury 'should result to either party because of this mistake or carelessness of the clerk, doubtless he would be responsible on his official bond; but the sheriff cannot be called on to determine whether it is returnable to a proper day or not.
The officer’s willfulness may be introduced by the plaintiff by way of enhancing his damages; but if he neglected the stock so that it was injured, and did not take at least as good care of it as an ordinarily prudent man would with his own, he should be held responsible for the accruing damages, whether such was the result of mere negligence or willfulness. .Therefore the court properly rejected an instruction asked by defendant as to this.
For these errors the judgment is reversed, with directions to the court below to grant a new trial, and for further proceedings in conformity to this opinion.