Aug. 11,
  1876.                    JEWELL v. SWAIN.

*Excessive distraint.*

A collector of taxes, in distraining, must exercise a sound discretion as to the property to be seized. He is bound to select such articles as will best facilitate the satisfaction of the tax, with the least expense and inconvenience to the tax-payer. Whether such discretion is exercised is a question of fact to be found by the jury under all the circumstances of the case.

FROM GRAFTON CIRCUIT COURT.

CASE, for an excessive and illegal distress. This action was referred, under the act of 1874, to a referee, who found in favor of the defendant, and who, at the plaintiff's request, reported the following facts found proved by him:

" The defendant was collector of taxes for the town of Warren, in the

county of Grafton, for the year 1873, duly qualified; and the selectmen committed to him a list of taxes for the year 1873, with a warrant for the collection of the same. It was admitted that the list and warrant were properly signed by the selectmen. Said list contained a tax against the plaintiff for the sum of $51.03. The plaintiff paid portions of said tax during the year to the defendant. On the 27th of February, 1874, there was a balance of said tax due from the plaintiff to the amount of $34.03 and .96 interest. On that day the plaintiff left his team (consisting of a horse, sleigh, harness, and two sleigh robes) hitched at the railroad station in Warren, and while there, and at about eleven o'clock in the forenoon, the defendant seized said team, by virtue of said warrant, to enforce the payment of the balance of said tax. He safely kept said team until the latter part of said day, when the plaintiff paid the balance of said tax, and took the team into his possession. It appeared further in evidence, that the defendant gave the plaintiff due notice of said tax. The plaintiff's testimony went to show, that before the taking of the team he pointed out sufficient other property upon which the defendant could make distress; but this the defendant denied, claiming that he heard nothing about any other property until after he had taken the team. The referee found the horse to be of the value of $150, harness $16, sleigh $13, and robes $4. The referee further found that the plaintiff had other property than the team, which might have been seized to enforce the payment of said tax, interest, and costs. The horse taken was more than sufficient to satisfy said tax, interest, and costs of sale."

Upon the return of the report the defendant moved for judgment on the report in his favor for costs, which motion the court granted; and the plaintiff excepted, and tendered this bill of exceptions, which was allowed by STANLEY, J., C. C.

*W. A. Flanders*, for the plaintiff.

*G. F. Putnam*, for the defendant.

SMITH, J. In *Thompson v. Currier*, 24 N. H. 239, it is said that "No principle of the law is better settled than that a distress must not be excessive; though the collector will not be liable to an action on this ground, unless the taking is obviously excessive,—as, if a man distrain two oxen for twelve pence, or a horse or an ox for a small sum, where a sheep or pig might be taken, because he might have taken a beast of less value. 2 Bac. Ab. 352, Distress, E.; 2 Steph. N. P. 1967; Saund. Pl. and Ev. 443."

The defendant distrained property, exclusive of the horse, of the value of $33, which was plainly insufficient to satisfy the tax due, with interest thereon. The value of the horse alone ($150) would have been sufficient to satisfy the tax and costs. Was the distress excessive?

An officer is to exercise a sound discretion in respect to the amount to be seized. If the quantity seized by a sheriff will, in all reasonable

probability, be sufficient to satisfy an execution placed in his hands for that purpose, he will not be liable, although it prove insufficient. So, if it far exceed a sufficient amount, he will not be liable for an excessive levy. *Commonwealth* v. *Lightfoot*, 7 B. Mon. 298. Did the officer exercise a sound discretion in the distraint which he made? This is to be determined by all the circumstances of the case. Where different articles of property are alike accessible to him, he is bound to select such as will best facilitate the satisfaction of the tax, with the least expense and inconvenience to the tax-payer. The referee reports that the testimony was conflicting upon the point whether the plaintiff pointed out other property upon which the defendant could make distress. He does not find how this was, nor report to us such facts as will enable us to find as matter of fact how this was. The referee, however, finds that the plaintiff had other property which might have been seized to enforce payment of the tax ; but nothing appears from which we can find that the defendant did not use a sound discretion in seizing the horse, with the other property of the plaintiff. He has found an award in favor of the defendant, which he could not have done unless he had found that what the defendant did in seizing the property was a reasonable thing to be done under the circumstances of this case. He may have found that it would have been an unreasonable act in the defendant to take the horse and leave the other articles. It is not for us to say, as matter of law, that what the defendant did was unreasonable. *It is purely a question of fact*, which the referee has found in favor of the defendant, and his finding is conclusive upon us.

CUSHING, C. J., and LADD, J., concurred.

*Exceptions overruled.*