Smith, &c., v. Bell & Co., &c.

---

\* CASE 118—PETITION EQUITY—NOVEMBER 12, 1881.

## Smith, &c., v. Bell & Co., &c.

APPEAL FROM GREENUP CIRCUIT COURT.

1. IN AN ACTION FOR MESNE PROFITS after a recovery in ejectment the plaintiff is not entitled to recover attorneys' fees expended by him in obtaining the restoration of the property.

\* See order of court at end of opinion.

The case of Augusta v. Perkins, 8 B. M., 198, overruled, in so far as it allows the recovery of attorneys' fees in such an action.

2. RENTS AND IMPROVEMENTS.—While the defendant in such an action can not recover from the plaintiff for improvements, and is not entitled to a lien on the land therefor, yet the plaintiff is entitled only to the rents which the land would have produced had no improvements been made by the defendant, and to such damages as he has sustained by reason of waste or injury to the land; but in estimating the damages from waste of the timber or otherwise, and the rent which results solely from the defendant's improvements, any valuable and lasting improvements made by him should be deducted from such damages and rent. In no state of case, however, can the value of the improvements be deducted from the rents which the land would have produced without the improvements.

ROE & ROE FOR APPELLANTS.

1. Plaintiffs have not shown such title or possession in themselves as entitles them to recover. (McLaurin v. Salmons, &c., 11 B. M., 96; Campbell v. Roberts, &c., 3 A. K. Mar.; Riley, &c., v. Million, 4 J. J. Mar.; Steele's Heirs v. Logan, 3 A. K. Mar.; Miller v. Humphries, &c., 2 A. K. Mar.; Walton v. Clark, 4 Bibb, 218, 219; Wilson v. Bibb, 1 Dana, 9; Neely, &c., v. Butler, 10 B. M., 50.)

2. Where one enters upon land, knowing it to belong to another, he should not be allowed for improvements. (Childs v. Patterson, 1 Mar., 445; Hawkins' Heirs v. King's Heirs, 1 Mon., 163.)

But here the appellant, J. W. Smith, settled on the land in good faith, and made the improvements with the knowledge of appellees, and it was error to refuse to allow him any thing for his improvements, and at the same time charge him with enormous rents for the land he had cleared and made fit for cultivation.

B. F. BENNETT FOR APPELLEES.

1. As the court heard oral testimony, and there is no bill of exceptions showing what that testimony was, the judgment must be affirmed. (Beauchamp v. Morris, 1 A. K. Mar., 520; Frazier v. Harris, 2 Litt., 181.)

2. The attorneys' fees were part of the damages sustained by appellees, and were properly allowed by the court. (Trustees of Augusta v. Perkins, 8 B. M., 200.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Pending an action for division of the land, appellant, John W. Smith, entered on it, was made a party

to the action, and adjudged to be without title and a trespasser. While the action named was undetermined, the appellees sued Smith for rents and damages to the land, and subsequently filed an amended petition disclosing a final determination of the first action and seeking to recover attorneys' fees alleged to have been expended in its prosecution to final recovery, and also rents up to the time of filing the amendment.

It appears that Smith had cleared about ninety-five acres of the land, cut and used three thousand eight hundred cords of wood, and occupied the land eleven years.

The cause was referred to the master commissioner to ascertain the value of the rents, damages to the and and attorneys' fees; but Smith's motion to require the commissioner to ascertain and report the value of the lasting and valuable improvements made by him upon the land was overruled, and he excepted. On the coming in of the report of the commissioner both parties excepted, and the court, declining to act separately on the exceptions, rendered judgment for two thousand five hundred and twenty dollars, with interest from the date of the judgment, subject to credits hereinafter noticed. The judgment is made up of the following items, to wit:

| | |
|---|---|
| Thirty-eight hundred cords of wood at | $570 |
| Rent for the land | 1,250 |
| Reasonable attorney's fee | 700 |
| | $2,520 |

This judgment is inconsistent with the exceptions

of each of the parties, and in substance overrules all of Smith's and part of appellees', and Smith appeals, asking its reversal on several grounds, which, so far as material, we will consider in the order most fitted to our conception of the case.

We can not say from the evidence that the value of the wood and rent is unreasonable, but the court erred in refusing to allow the appellant, Smith, to prove the value of lasting improvements, as he should have been credited therewith on the cord-wood and the amount of rents produced by reason of the improvements to the extent they increased the rental value of the land above what it would have produced had appellant made no improvements. While it is true that appellant Smith can not recover from appellees for improvements, nor is he entitled to a lien on the land therefor, yet the appellees are only entitled to the rents which the land would have produced had no improvements been made by appellant, and to such damages as they have sustained by reason of waste or injury to the land. But in estimating the damages from waste of the timber or otherwise, and the rent which results solely from appellant's improvements, any valuable and lasting improvements made by him should be deducted from such damages and rent, as the appellees are not damaged beyond the loss they have sustained, and it can not be said they have sustained any loss beyond what is left after thus deducting the improvements which they necessarily received under the judgment. In no state of case, however, can the value of the improvements be allowed to be paid out of the land, or deducted from

the rents which it would have borne had the appellant refrained from trespassing on or improving it; nor is he entitled to judgment for any excess of his improvements beyond the waste or rents accruing on the land before or after its improvement.

We do not perceive on what principle the appellees were adjudged seven hundred dollars for the attorneys' fees, which they allege were incurred in prosecuting the first suit named. Reasonable attorneys' fees may be recovered where they have been contracted by reason of a malicious prosecution of the plaintiff by the defendant, or the defendant has maliciously attached the plaintiff's property, and in all causes of like nature, but for mere resistance to the recovery in an action of ejectment, or an action of that character, we are of the opinion no attorneys' fees, except those allowed by the statute, can be recovered, unless some peculiar and a different state of facts from those relied on were shown.

It was error to render judgment against the appellants, Bush, G. W. Smith, Felty, and W. R. Smith, for the sum of eight hundred and fifty-eight dollars and five cents on the forthcoming bond executed by them for the property levied on under the attachment, as they were not parties to the action, and no suit had been instituted against them or rule awarded to compel them to deliver the attached property to the sheriff, or pay its value into court. The judgment against them was without citation or allegation, and can not stand. There is nothing in the record showing their appearance in the action or consent to the judgment.

Smith, &c., v. Bell & Co., &c.

Wherefore, the judgment is reversed, with directions to allow the value of the rent and wood to stand as reported by the master, but to refer the cause to him, with directions to hear proof and ascertain the character and value of the improvements; also the rental value of the land with and without such improvements from the time John W. Smith took possession of it; reject the attorneys' fees, and for further proper proceedings.

The attention of the court having been called to the case of the Trustees of Augusta v. Perkins, reported in 8 B. M., 198, in regard to attorneys' fees, in conflict with this case, that case, or so much of it as allows attorneys' fees, is overruled, and this case ordered to be reported.   Ordered by a full bench June 6, 1887.