CASE 15—PETITION ORDINARY—OCTOBER 3.

# Worthington, &c., v. Morris' Executrix.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. DAMAGES FOR WRONGFUL SEIZURE OF PROPERTY—ATTORNEY'S FEES.—Actual and direct damages to one's property may be recovered by reason of its wrongful seizure and sale, but attorney's fees are not to be reckoned as a part of such damages.

2. SAME.—One who has successfully resisted an action against him seeking to subject his property to the payment of another's debt, upon the ground that he was fraudulently permitting the debtor, who in fact owned the property, to hold it in his name for the purpose of defrauding creditors, can not recover attorney's fees as a part of his damages on account of the wrongful seizure of his property, which was levied upon under an attachment issued in the action.

STONE & SUDDUTH FOR APPELLANT.

Counsel fees can not be recovered as part of the compensatory damages where one person's property has been wrongfully attached for the debt of another.    (1 Sedgwick on Damages, sec. 233; Pacific Ins. Co. v. Conrad, 1 Baldwin, 138; Oelrichs v. Spain, 15 Wall., 211; Flanders v. Tweed, 15 Wall., 450; Johnson v. Farmers' Bank of Ky., 4 Bush, 286; Day v. Woodworth, 13 How., 363; Smith v. Bell, 91 Ky., 656.)

B. F. BUCKNER FOR APPELLEE.

1. The seizure of one person's property for the debt of another is a tortious act for which damages may be recovered.    (Cooley on Torts, 2 ed., 464; Owings v. Frizer, 2 A. K. Mar., 268; Forsythe v. Ellis, 4 J. J. M., 299.)

And reasonable attorney's fees are recoverable as part of the damages in such a case.    (1 Sutherland on Damages, 142; 2

Worthington, &c., v. Morris' Executors.

Sutherland on Damages, 62, 480; Anderson v. Sloane, 72 Wis., 576; Greenfield Bank v. Leavitt, 17 Pick., 1; Robertson v. Lemon, 2 Bush, 303; Burgin v. Shearer, 14 B. M., 497; New Nat'l Turnpike Co. v. Dulaney, 86 Ky., 518; Westfield v. Mayo, 122 Mass., 107; Thale v. Quiam, 3 Cal., 216; Alexander v. Jacoby, 23 Ohio St., 385; Pond v. Harris, 113 Mass., 121; Augusta v. Perkins, 8 B. M., 198; Trassnell v. McAfee, 3 Met., 34.)

While the case of Smith v. Bell, 91 Ky., 656, is not in harmony with the principles laid down in Augusta v. Perkins, the opinion in that case does not show a full investigation of the question, and was entirely disregarded by this court in Graham v. Dyer, MS. Op., January 22, 1895.

2. In regard to expenses generally incurred in cases like this there does not seem to be any difficulty. (Keene v. Dilke, 4 Exch., 388; Woodham v. Gelston, 1 John., 134.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In a former action in the Louisville Law and Equity Court, Henry Worthington sued J. M. Morris, Calpernia Morris and others, and alleged that the former was indebted to him in the sum of about $4,000, evidenced by his promissory note. That said Morris had been engaged in buying and selling leaf tobacco in certain counties in this State and making shipments thereof to the firm of Brand, Brannin & Glover, who were made defendants to the petition.

It was also alleged that in order to more effectually avoid the payment of his debts and cover up and conceal his property from his creditors the debtor Morris had been and was still carrying on the said business in the name of his mother, Calpernia Morris, who is alleged to have had no interest in the tobacco and who was also made a defendant to the petition; that said transaction was fraudulent and was resorted to to cheat, hinder and delay the plaintiff and the creditors. of J. M. Morris, and in which fraudulent purpose the defendant, Calpernia Morris, had participated and continued to participate, and the tobacco so bought was in fact owned by the debtor, J. M. Morris, alone. Attachments were issued and levied on the tobacco in controversy.

With the issues raised in this suit by the debtor, J. M. Morris, and the firm named, we are not concerned. The defendant, Calpernia Morris, denied that her co-defendant had sold, conveyed or otherwise disposed of his property with the intent charged, or that he was about to do so, or that the collection of the plaintiff's demand would be endangered by delay in obtaining judgment or a return of "no property found," allegation of which had been made in the petition. She denied that her son had been engaged in buying and selling tobacco, but that she had bought it through him, he acting as her agent. She denied that her son shipped the tobacco, but that she caused it to be shipped to the firm indicated.

She denied that her son in order to avoid the payment of his debts or to cover up or conceal his property was carrying on the business named in her name. She alleged that she furnished the money with which to buy the tobacco, appointed her son her agent and was the sole owner thereof. She denied that the purpose in view in these transactions was fraudulent or for the purpose of cheating or delaying her son's creditors, or that she participated in any fraudulent scheme or purpose.

On the trial of that case judgment was rendered for her and she was adjudged the tobacco in controversy and its proceeds.

Therefore she brought this suit against Worthington, plaintiff in the above suit, and Montz, marshal of the Louisville Chancery Court, who levied the attachments, for some $1,500 in damages, by reason of the wrongful and illegal seizure of her tobacco.

The jury under instructions permitting it, found a verdict for her "for $823.80, viz.: Original attorney's fee, $750.00; travelling expenses of Mrs. Morris, $17.70; hotel bill, $13.50;

and expenses of attorney to Winchester, $42.50," to reverse which this appeal is prosecuted.

It will be seen that the appellee defended the old case on all the issues tendered by the plaintiff. The action was analogous to one brought to set aside a fraudulent conveyance. The mother was charged with fraudulently permitting her son to cover up and hold in her name certain tobacco in fact belonging to him.

The scheme under which this was effected was sought to be exposed. It was in effect a suit for the tobacco, and if the plaintiff had succeeded in establishing the facts alleged with reference to this alleged concealment or "cover up," he would have succeeded in subjecting the tobacco to his debt, whether the grounds of his attachment had been held good or not.

We do not see in what respect this action differs from one brought to subject property alleged to be fraudulently held by one person for the benefit or protection of another as against the latter's debts. If the plaintiff succeeds in such a case, he may as justly claim that he ought to have his attorneys' fees paid, because the defendant wrongfully and illegally sought to cover up his friend's property and caused this additional loss, as that the defendant, if successful, may claim his extraordinary costs and attorneys' fees.

Whatever may be the rule when one, not charged with fraud and not a party to the action, but whose property has been wrongfully seized under attachment, intervenes and succeeds in establishing his claim to the property, we do not think the defendant in a case like this one can recover any costs save in the action to which he is a party and which may be allowed him by statute. Even in the case of an intervening claimant the rule seems to be that attorneys' fees may be recovered only where they have been contracted by reason

of a malicious prosecution of the plaintiff by the defendant, or the defendant has maliciously attacked the plaintiff's property, or in cases of a like nature. (See Smith, etc., v. Bell & Co., 91 Ky., 655.) That suit was against a trespasser without title for rents and damages including attorneys' fees. Such fees were rejected and the case of Trustees of Augusta v. Perkins, 8 B. Mon., 198, establishing a different rule, was overruled, and we think properly so.

If the rule in the case of the Trustees, etc. v. Perkins obtains, we see no reason why every defendant who refuses to pay over money he has borrowed from a plaintiff, or every defendant who fails to make good his claim to land recovered from him by one holding a better title, may not be made to pay attorneys' fees contracted by reason of his wrongful act. Actual and direct damages to one's property may be recovered by reason of its wrongful seizure and sale, but attorneys' fees are not to be reckoned as such.

The appellee recovered her property or its proceeds and there is no charge that it was injured or even became of less value while under attachment or in charge of the officer or the court.

Judgment reversed for proceedings consistent with this opinion.