Farmers & Traders' Tobacco Warehouse Company v. Gibbons.

CASE 100—ACTION FOR DAMAGES FOR MALICIOUSLY SUING
OUT ATTACHMENT—JAN. 30.

107  611|
o108 712|

|107   611|
|136   483|

# Farmers & Traders Tobacco Warehouse Company v. Gibbons.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. ACTION FOR MALICIOUS ATTACHMENT.—An action for malicious or
wrongful suing out of an attachment can only be maintained by
a defendant against whom such attachment had been actually
sued out. It can not therefore be maintained by one who was
joined as a defendant in an action in which an attachment was
obtained where it appears that no attachment was prayed for
against him and that the issual of the attachment against him
was a clerical error.

2. SAME—DAMAGES.—In an action under section 7 of the Kentucky
Statutes for suing out an attachment for good cause, and caus-
ing same to be levied upon one's property, the only damages
recoverable are the actual and direct damages to the property
itself.

3. ACTION FOR MALICIOUS INSTITUTION OF SUIT.—Before an action can
be maintained for the malicious prosecution of an action with-
out regard and the suing out of an attachment therein, it must ap-
pear that such action was founded in malice, was instituted
without probable cause and that the plaintiff has been damaged
thereby.

A. M. J. COCHRAN FOR THE APPELLANT.

1. As to the cause of action for damages sustained by rea-
son of the attachment in the former action:

(a) The cause of action as to this was for suing out an at
tachment against appellee and his property maliciously and
without probable or good cause and not for levying an attach-
ment sued out against W. A. Gibbons on the property of appellee.

(b) No attachment was sued out in the former action against the
appellee The only attachment sued out in the action was against
W. A. Gibbons. Appellee was served as garnishee and what was
his property ostensibly was levied on under the attachment as
the property of W. A. Gibbons.

(c) The only right he had on account of this levy was to sue for

the damages sustained by reason of the wrongful levy. He could not maintain an action for suing out the attachment maliciously and without probable or good cause. Duncan v. Griswold 92 Ky., 546; Duncan's Trustee v. Cit. Nat. Bk., 45 S. W. R., 774; Breath with v. Rogers, 63 Ark., 500; 1 Jaggard on Torts, 612.

(d) The lower court did not have jurisdiction of an action for the wrongful levy of the attachment as that levy was made in Jefferson county. It did have jurisdiction of an action for the wrongful suing out of the attachment, if one had been sued out. Civil Code, sec. 72.

(e) It can not be claimed that the action as to the attachment was for the wrongful levy. The theory on which appellee sued was for its wrongful issuance and a plaintiff can not recover on a different theory from that on which he sues. Elliott, Work of Advocate, 75; Mescall v. Tuly, 91 Ind., 96.

2. As to the cause of action for the prosecution of the former action as against appellee.

(a) No relief was sought in the former action as against appellee until the amended petition was filed on October 18, 1895, and that was the commencement of the prosecution of the action as to him.

(b) Malice and want of probable cause are both essential to maintain an action for malicious prosecution, and if denied the burden is on plaintiff to prove them. Lancaster v. Lampton, 36 S. W., 521; Lancaster v. McKay, 45 S. W. R., 887.

(c) Malice is not a presumption of law from want of probable cause. Nor can it be inferred from want of probable cause any more than want of probable cause can be inferred from malice. The most that can be said on the subject of inference is that the facts which show want of probable cause may justify the jury in finding malice without further proof. Lancaster v. Lampton, 36 S. W., 521; Cox v. Taylor, 10 B. Mon., 20; Proctor Coal Co. v. Moses, 40 S. W., 681; 14 Am. & Eng. Ency. of Law, 47; Bigelow on Torts, 86.

(d) What facts constitute probable cause or the want of it in a particular case is a question of law. The province of the jury is to determine the existence of such facts as the court decides are necessary to constitute it when controverted. Meyer v. St. L. & T. Ry. Co., 33 S. W. R., 98.

(e) An action for malicious prosecution of a civil action without attachment or order of arrest can be maintained. Woods v. Finnell, 13 Bush, 628.

(f) But to maintain it plaintiff must show that the former action was prompted alone by malice and brought for the purpose alone of gratifying malice. Woods v. Finnell, 13 Bush, 628.

Farmers & Traders' Tobacco Warehouse Company v. Gibbons.

(g) Greater latitude in the application of the doctrine of prob-
able cause must be exercised in actions for malicious prosecu-
tion of a civil action than in such actions for such a prosecution
of a criminal action. A civil action can be lawfully brought on
very slight grounds of claim. Bigelow on Torts, 78.

(h) There was a total failure of proof in this action of both
want of probable cause and malice. On the contrary, it was
clearly established that probable cause existed for the prosecution
of the former action as to appellee, and that it was so prosecu-
ted from no other motive than an honest belief that appellee
was civilly liable to appellant. The appellant was therefore en-
titled to a peremptory instruction as to the cause of action for
the prosecution of the former action. On this ground it was
also entitled to a peremptory instruction as to the cause of action
as to the attachment.

(i) It was error to permit appellee to testify as to his calcula-
tions and deductions from certain data without introducing
the data before the jury.

(j) It was error to permit appellee to testify on the merits
of the former action.

(k) It was error to submit the question as to what constituted
probable cause to the jury.

(l) It was error to instruct the jury that they might infer
malice from want of probable cause. 14 Am. & Eng. Ency. of
Law, 47; Bigelow on Torts, 86.

A. M. J. COCHRAN and J. R. MINOR for appellant in a petition
for a modification of the opinion.

M. L. HARBESON for the appellee.

1. Jurisdiction, waiver of:    Civil Code, secs. 92, 73, 78, 118; John-
son   v.   Johnson,   12   Bush, 486; Baker v. L. & N. R. R. Co.,
4 Bush, 620; McDowell v. C. & O. Ry. Co., 12 Ky. Law Rep., 332;
Sherrill v. C. & O. Ry. Co., 11 Ky. Law Rep., 502; C. & O. Ry.
Co. v. Heath's Admr., 87 Ky., 651.

2. Trespass, what constitutes and who liable:    Drake on Attach-
ment, sec. 185b, 118; Kerr v. Mount, 28 N. Y., 659; Wehle v.
Butler, 61 N. Y., 245; Hall v. Waterbury, 5 Abbot's New Cases;
26 Am. & Eng. Ency. of Law, 596; Ford v. Reid, 15 Ky. Law
Rep., 606; Horne v. Mitchell, 7 Bush, 131.

3. First instruction.

(a) What facts the court may assume in instructions: Facts
not denied in pleadings, and facts clearly established and un-
controverted in proof whether denied in pleading or not.   L.
& N. R. R. Co. v. Hennen, 14 Ky. Law Rep., 526; L. & N. R.

R. Co. v. Morris, 14 Ky. Law Rep., 466; L. & N. R. R. Co. v. Earl, 15 Ky. Law Rep., 184; Turpin v. McKee, 7 Dana, 305.

(b) Causing attachment to issue without good cause: Measure of damages: that it was issued without good cause is concluded by discharge of attachment. Ky. Stat., ch. 1, sec. 7; Mitchell v. Mattingly, 1 Met., 237; Harris v. Davis, 13 Ky. Law Rep., 736.

(c) Joinder of Statutory action for without good cause, causing attachment to issue with action for maliciously and without probable cause, proper. If not, objection was waived by failure to re require election. Duck v. Hollrook, 6 Ky. Law Rep., 511; L. & N. R. R. Co. v. Kellem, 13 Ky. Law Rep., 228; Hall v. Forman, 82 Ky., 505; Hunt v. Semonin, 79 Ky., 270; Rountree v. Glatt, 13 Ky. Law Rep., 462; Caldwell v. Caldwell, 2 Bush, 452; Sale v. Crutchfield, 8 Bush, 646.

4. Second instruction. Maliciously and without probable cause causing an attachment to issue. Measure of damage, attorney fee. Pettit v. Mercer, 8. B. M., 51; Fullenwider v. McWilliams, 7 Bush, 389; Johnson v. Farmers' Bank, 4 Bush, 287; Mitchell v. Mattingly, 1 Met., 237; Trapnall v. McAfee, 3 Met., 34; Shultz v. Morrison, 3 Met., 98; Wilson v. Smith, 18 Ky. Law Rep., 927.

5. Third instruction. Right to and measure of damages in an action for maliciously and without probable cause instituting and prosecuting a civil action. Woods v. Finnell, 13 Bush, 630; Duncan, Trustee, v. Griswold, 13 Ky. Law Rep., 756; Wood v. Pinkerton, 11 Ky. Law Rep., 259.

6. Malice, what is. Drake on Attachment, sec. 733; 14 Am. & Eng. Ency. of Law, 22; Cooley on Torts, p. 185; Leher v. Elmore, 18 Ky. Law Rep., 551; Western & S. L. Ins. Co. v. Kaiser, 13 Ky. Law Rep., 206; Jaggard on Torts, vol. 1, p. 615; Webbs Pollock on Torts, p. 306.

7. Fifth instruction. Probable cause, what is. Drake on Attachment, sec. 732a; Greenleaf's Ev., sec. 454; 14 Am. & Eng. Ency. of Law, 27, 55; Cooley on Torts, p. 183; Jaggard on Torts, p. 620; Burke v. Rhodes, 13 Ky. Law Rep., 431.

8. Sixth instruction. Malice may be inferred from want of probable cause. Lancaster v. Langston, 18 Ky. Law Rep., 500; Lydia Eddy, &c., v. Longshaw, 2 Ky. Law Rep., 423; Drake on Attachment, sec. 732a.

9. Advice of counsel when a defense. 14 Am. & Eng. Ency. of Law, 56; Ross v. Innis, 26 Ill., 260; Anderson v. Friend, 71 Ill., 475; Cooper v. Utterback, 37 Md., 309; Hill v. Palm, 38 Mo., 22; Sharpe v. Johnston, 57 Mo., 577; Sappington v. Watson, 50 Mo., 83; Peppin v. Haucke, 15 Mo. App., 373; Jordan v. Ala. Great So. R. R. Co., 81 Ala., 220; Hilliard on Torts, vol. 1, p. 480; note

Farmers & Traders' Tobacco Warehouse Company v. Gibbons.

to Webb Pollock on Torts, p. 396; Donnelly v. Daggett, 145 Mass., 314; Paddock v. Watts, 116 Ind., 146; Smith v. Austin, 49 Mich., 286; Forbes v. Haaman, 75 Va., 168; Burke v. Rhodes, 13 Ky. Law Rep., 431; Thompson v. Lumley, 50 How. N. Y. Pr., 105; Vinal v. Core, 18 W. Va., 1; Brewer v. Jacobs, 22 Fed. Rep., 217.

M. L. HARBESON FOR THE APPELLEE IN A PETITION FOR A REHEARING AND IN RESPONSE TO THE PETITION FOR A MODIFICATION OF THE OPINION.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

On the 21st day of August, 1895, appellant filed a petition in the Bracken Circuit Court against W. A. Gibbons, the father of appellee, and appellee was also made a defendant. It was alleged that W. A. Gibbons was indebted to appellant in the sum of $11,217.28 for money advanced to him for the purpose of purchasing leaf tobacco under an agreement that the tobacco purchased should be shipped by W. A. Gibbons to appellant's warehouse in Cincinnati, Ohio, where it was to be sold, and out of the proceeds appellant was to receive the usual warehouse fees, commissions, etc., and the money so advanced by it, with interest; that W. A. Gibbons, in violation of his agreement, bought large quantities of tobacco with the money advanced to him by appellant, and shipped it to his co-defendant, W. M. Gibbons, in Louisville, Kentucky, who sold it, and had the proceeds; that the defendants had conspired and confederated together to defraud the plaintiff; and that the defendant, W. A. Gibbons, was about to sell, convey or otherwise dispose of his property to cheat, hinder and delay his creditors; and that he had sold, conveyed or otherwise disposed of his property, or suffered or permitted it to be done, with such intent; and the petition closed with this prayer:

"Wherefore plaintiff prays for an order of general attachment against the defendant, W. A. Gib-

bons, for judgment for $11,217.28, with six per cent. interest from August 21, 1895, until paid; for its costs; that the funds and property of said defendant be attached in the hands of his co-defendant, W. M. Gibbons, or otherwise; and upon final hearing that the attachment be sustained; and for all other proper relief."

An attachment bond was executed to W. A. Gibbons, and a general attachment against W. A. Gibbons alone was issued, though summons issued against appellee also.

Subsequently, and before the levy of the original attachment, appellant, through its attorney, procured from the deputy clerk a number of copies of the attachment, in which the name of appellee was inserted as a party defendant whose property was sought to be attached; and a number of these copies were delivered to various garnishees in Louisville by the sheriff, who had the original order of attachment in his hands for execution; and the attachment against W. A. Gibbons was, by direction of appellant's attorney, levied on certain property in the possession of appellee as the property of W. A. Gibbons.

At the next ensuing term of the court appellant filed an amended petition, in which it was alleged that W. M. Gibbons was a co-partner in the transaction set forth in the original petition, and with full knowledge of the contract and agreement between appellant and W. A. Gibbons converted a large amount of the tobacco bought with the moneys advanced to W. A. Gibbons to his own use, and sought a personal judgment against him; but no additional attachment was sued out in the action other than that which issued on the original petition.

.W A. Gibbons filed an answer, in which he admitted his liability for the debt sued for, but denied

the allegations of fraud and grounds of attachment. Appellee also filed an answer denying the alleged partnership, or that he had in his hands any funds or property belonging to W. A. Gibbons, and setting up a claim to all of the property levied on under the general attachment; and on his motion all of the property levied on was released, and turned over to him, except about 4,000 pounds of loose tobacco, at the first term of the court.

At the March term the issue as to the ownership of this tobacco and of appellee's personal liability was tried by a jury, and resulted in a verdict for appellee, upon which judgment was rendered dismissing the petition as to him. Thereafter appellee instituted this action against appellant for damages for maliciously and without probable cause instituting and prosecuting the former action against him, and for maliciously and without probable cause causing the attachment to be issued without good cause. A trial of this action resulted in a verdict and judgment in favor of appellee for $2,000 under instructions authorizing a recovery under each paragraph of the petition, and, a motion for a new trial having been overruled, appellant has appealed to this court.

The original petition contains two paragraphs. In one it is alleged that appellant maliciously and without probable cause instituted this suit against him, and maliciously caused an attachment to issue against the property of appellee, and had same levied upon certain tobacco and other property belonging to him, set out in the petition. The other paragraph is a proceeding under section 7, Kentucky Statutes, for damages for the suing out and levy of the attachment "without good cause," and in this paragraph it is alleged "that said writ and purported copies thereof were caused to be issued against plaintiff herein

by defendant maliciously and without either good or probable cause, and that the same were caused to be so issued and executed by and in accordance with the directions of the defendant herein."

The answer, as amended, is a general denial of each and every averment of the petition. From a careful examination of the pleadings in this case we are of opinion that the attachment sued out in the proceeding instituted by appellant against W. A. Gibbons was against him alone, and that it only sought incidentally to subject certain property of W. A. Gibbons alleged to be in the possession of appellee to the payment of its demand, and that appellee was made a party defendant for this purpose alone. The averments of the petition did not authorize the issual of an attachment against the property of appellee, and no bond was executed to him authorizing the clerk to issue such attachment, and the insertion of his name in the copies of the attachment was manifestly an error. There is nothing in that proceeding showing that an attachment was sought against appellee or his property, and the law is well settled that an action for the malicious or wrongful suing out of an attachment can only be maintained by a defendant against whom such attachment had been actually sued out. (See Jaggard on Torts, 612; Duncan v. Griswold, 92 Ky., 546, [18 S. W., 354].)

But the injury for which appellee has a cause of action is that the attachment against W. A. Gibbons was, by the direction of appellant, levied upon his property; and the averments of the petition are sufficient to support a cause of action for such wrongful levy and seizure, and for damages to the property levied upon that directly flowed therefrom.

There was no motion to require appellee to elect what

cause of action he would prosecute, and no question of jurisdiction was raised in the court below, the issues being joined on each separate paragraph of the petition without objection.

The case of Worthington v. Morris' Ex'x, 98 Ky., 54, [32 S. W., 269], was an action for damages for the wrongful seizure of the property of a defendant by attachment, who was charged with having fraudulently conspired with a debtor to assist him to cheat, hinder and delay his creditors; and the alleged facts of that case were very similar to those relied on in this proceeding, and it was held that the plaintiff could not recover attorneys' fees as a part of her damages on account of the wrongful seizure of her property which was levied upon under an attachment issued in the action; that only actual and direct damages to the property itself could be recovered.

And we are of the opinion that this should have been the measure of appellee's recovery in this action.

Whilst appellee also sought in this proceeding to recover for the malicious prosecution of the action itself against him, without regard to the suing out of the attachment, it seems to us, from a careful examination of the testimony, that he has failed to make out the necessary grounds in a proceeding of that character, as it must appear that such action was founded in malice, was instituted without probable cause, and that the plaintiff has been damaged thereby. (See Woods v. Finnell, 13 Bush, 633, and Lancaster v. McKay (Ky.), [45 S. W., 887].)

What is meant by malice and probable cause has been so frequently construed by the opinions of this court that it is unnecessary that we should do so again in this proceeding. The burden to establish both of these ingredients rested upon appellee, and, in our opinion, he has failed

to do either. The testimony shows that appellant honestly sought the advice of its attorney after taking more than ordinary care to acquaint itself with the facts on which it based its claim for recovery, and, after fully and fairly stating the case, pursued the course recommended by such counsel, and neither malice nor want of probable cause is shown.

For reasons indicated, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.