CASE 95—ACTION ON ATTACHMENT BOND—JUNE 13. ..

# Martin, &c., v. Turpin, &c.

APPEAL FROM MADISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

ATTACHMENT—WRONGFUL LEVY ON PROPERTY NOT BELONGING TO DEBTOR—LIABILITY ON BOND.

Held:   The sureties in an attachment bond are not liable for the wrongful levy of the attachment on the property of another than the debtor, there being no breach of the bond, unless the attachment was wrongfully obtained.

GRANT E. LILLY, ATTORNEY FOR APPELLANTS.

R. H. COOKE, ATTORNEY FOR APPELLEES.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On January 23, 1896, Hayden Turpin filed suit in the Madison Circuit Court against A. K. Lewis, to recover on

a note executed to him by Lewis for $150, and sued out an attachment, which was levied on Lewis' interest in a tract of land, Appellees Alex Turpin and D. M. Chenault were the sureties in the attachment bond executed in the action. Appellants William Martin, Mollie Martin, and J. M. Owen were made defendants to the petition as claimants of the land which was sought to be subjected. They appeared, and filed answer, setting up their right to it. On final hearing judgment was rendered against Lewis for the debt, sustaining the attachment as to him, but dismissing the action as to appellants, it being adjudged by the court that A. K. Lewis had no interest of any kind in the land. Appellants thereupon filed this action on the attachment bond executed in that action, alleging that by reason of the attachment they had been compelled to employ an attorney and incur costs; that they had lost much time, and been much annoyed, in attending to the suit, and defending the attachment, and were kept out of the possession of the rents and profits of the land, delayed in the collection of a lien debt on it, and compelled to pay out additional cost,—by all of which they were damaged in the sum of $250, for which they prayed judgment. The court below sustained a demurrer to ther petition, and dismissed the action.

Section 198 of the Code of Practice requires the clerk, before issuing an order of attachment, to take a bond, with one or more sufficient sureties, of the plaintiff, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the attachment if the order be wrongfully obtained, not exceeding double the amount of the plaintiff's claim. The purpose of this bond is to protect the attachment defendant in case the attachment is improperly obtained. If the

order of attachment is not wrongfully obtained, there is, under the terms of the statute, no breach of the bond. In this case the general attachment against the property of A. K. Lewis was properly obtained, for on final hearing it was so adjudged by the court, and that judgment is still in force. The fault here was not in the issuing of the general attachment against the property of A. K. Lewis, but in the levying of it on the land of appellants. Appellants, under section 214 of the Code of Practice, might have secured a release of the levy by executing bond as therein provided, or, failing in this, they may look to the plaintiff in the attachment who procured the levy, or the officer making it, as in other cases of trespass or damages for the seizure of their property. But these are matters not covered by the attachment bond. To sustain appellants' right to recover attorneys' fees we are referred to section 7, Kentucky Statutes: "If property be distrained or attached without good cause for suing out such distress or attachment, the owner of such property may in an action against the party suing out the distress or attachment recover damages for the wrongful seizure; and if the property be sold, also damages for the sale thereof and the defendant's costs in the distress or attachment, including reasonable attorneys' fees. In such cases the plaintiff shall not be held to allege or prove malice on the part of the defendant." This provision has no reference to attachment bonds. It expressly gives the remedy against the party suing out the distress or attachment, and no one else is liable under it. By its terms the liability arises if property is distrained or attached without good cause for suing out the distress or attachment. Liability for a wrongful levy of the attachment is not within the words or the purpose of the section. Its sole object is to give an

action to the person against whom the writ is issued, where it is sued out without good cause. We are also referred to section 3212, Kentucky Statutes, but that only applies to distress or attachment for rent, and is, in substance, the same as the old statute under which it was held that the double damages could not be awarded against the landlord for distraining the goods of a stranger. Ward v. Beatty, 2 B. Mon. 260. The substance of the case is that appellants claim to own land which Hayden Turpin claimed that A. K. Lewis owned. The title to this land was litigated and determined in the suit above referred to. Appellants are entitled to their legal costs allowed in that action, but to no attorneys' fees beyond that allowed by the statute to be taxed as costs. In Worthington v. Morris' Ex'x, 98 Ky. 57, (32 S. W. 269), where an attachment had been issued and levied upon the property of another, who successfully maintained his right to the property, and secured the discharge of the attachment as to him, this court said: "We do not see in what respect this action differs from one brought to subject the property alleged to be fraudulently held by one person for the benefit or protection of another as against the latter's debts. If the plaintiff succeeds in such a case, he may as justly claim that he ought to have his attorneys' fees paid because the defendant wrongfully and illegally sought to cover up his friend's property, and caused this additional loss, as that the defendant, if successful, may claim his extraordinary costs and attorneys' fees." In Warehouse Co. v. Gibbons (Ky.) 55 S. W. 2, this case was approved, and it was held that the measure of recovery by a claimant of attached property, in a case like this, is the actual and direct damage to the property itself. To this extent the officer who levied the attachment or the plaintiff procuring it may be

held liable in a suit against them for the tort, but no recovery for this can.be had on the attachment bond. The judgment of the circuit court dismissing the action on the bond is therefore affirmed.