# L. & N. Clothing Company v. Conder.

(Decided March 7, 1933.)

(Common Pleas Branch, First Division).

LAWRENCE S. GRAUMAN and P. J. RILEY for appellant.
WILLIAM S. HEIDENBERG for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Millie Conder brought this suit against Irving Costin and George R. Slyn, trading and doing business as the L. & N. Clothing Company, to recover damages for wrongfully suing out an attachment. The defense was a general denial and a plea that in consideration of $1 plaintiff signed a writing releasing the defendants from all damages arising out of the attachment. The trial before a jury resulted in a verdict and judgment for $1,505, and the defendants have appealed.

The admitted facts are these: Appellants, who conducted a clothing business in the city of Louisville, sued Millie Conder for $31.35 in a magistrate's court, and obtained a general order of attachment. Later on the wages of appellee, who was working for the Brown-Williamson Tobacco Corporation, were attached. At that time appellee was not indebted to the clothing company. As soon as the attachment was served, the tobacco company discharged her in accordance with its rules.

As to other phases of the case, the evidence may be summarized as follows: On being informed of her discharge, appellee in company with her brother went to the clothing company's place of business, and saw Mr.

Costin, who told them it was about closing time and to come back the next morning and he would straighten it out. While there he had her sign her name four times in order to compare it with the signature of the alleged purchaser. The next morning he said that he believed she made the bill, and would not release the money or anything. She then told him that they would have to go to court to settle it, and he replied that was satisfactory with him. Appellee then procured an attorney who went to the magistrate's court and procured an order releasing her money. On the other hand, appellants' bookkeeper testified that she had been informed by a friend that Millie Conder, the debtor, was employed at the Brown-Williamson Tobacco Company. On receiving this information, she wrote a letter to Millie Conder in care of that company telling her that she owed the bill, and received no reply. Thereupon the alias attachment was issued. On the afternoon that appellee and her brother came to appellants' place of business, neither of appellants was present. The bookkeeper called Mr. Costin, and from the description he gave of the debtor she was satisfied that appellee was not the person who owed the money, and advised appellee to come back Saturday and get a release. The next morning appellee came to the store, and the bookkeeper told her to go over to the magistrate's and get a release for her wages. Appellee said that she wanted to go to work, and did not want to be bothered; whereupon the bookkeeper stated that she would have the porter get the release and take it to the tobacco company's office. The bookkeeper then had appellants' porter go to the office of the magistrate and get a paper releasing the levy and take same to the tobacco company. Appellee's wages were then released.

It is first insisted that appellants were entitled to a peremptory instruction on the ground that an action for maliciously suing out an attachment will not lie until the attachment has been discharged, and the evidence conclusively shows that the attachment was not discharged, but only that appellee's wages were released. The rule that no action will lie for maliciously suing out an attachment until the attachment shall have been discharged may be conceded, Nolle v. Thompson, 3 Metc. 121; Watts v. Hurst (Ky.) 61 S. W. 261, 22 Ky. Law Rep. 1703; but, in measuring what was done in the magistrate's court, we cannot put aside the circumstances inducing his action, or the admissions of ap-

pellants on the trial. The ground on which appellee's wages were released was that she was not indebted to appellants, and this was conceded by appellants. Therefore the order releasing her wages necessarily terminated the proceeding in her favor, and its legal effect was the same as if there had been an order discharging the attachment.

Another ground on which it is claimed that a peremptory should have gone is that appellee was not the person sued, and that her remedy was an action for wrongful seizure and not for wrongful attachment. It is true that, where a writ of attachment is levied upon the property of a person other than the defendant in the attachment proceeding, his remedy is by an action for wrongful seizure, and not for wrongful attachment, and that following this rule we held in Farmers' & Traders' Tobacco Warehouse Company v. Gibbons, 107 Ky. 611, 55 S. W. 2, 21 Ky. Law Rep. 1348, that one against whom no attachment was sought, and whose name appeared in the copies of the attachment by mistake, could not maintain an action for wrongfully suing out the attachment. Manifestly that principle is not applicable to the facts of this case. In no sense is appellee a person other than the defendant in the attachment proceeding. Even if it be true that appellants were mistaken in assuming that appellee was their debtor, they did not proceed against her until after their bookkeeper had been informed that she was working for the Brown-Williamson Tobacco Company. In the circumstances she was the defendant whose wages they intended to attach, and against whom the attachment was actually sued out, with the result that she may maintain an action for wrongfully suing out an attachment.

The further point is made that, pursuant to the rule that, where the facts are undisputed, the question of probable cause is for the court, Davis v. Brady, 218 Ky. 384, 291 S. W. 412, the trial court should have held as a matter of law that there was probable cause for the action taken by appellants. In support of this position, it is argued that it was undisputed that there was a Millie Conder who owed appellants; that appellants were informed that she was working at the tobacco company; that they took the precaution to write to her before the attachment was issued; and that, after the levy, they found out that the person whose wages had been

attached was not their debtor, and they immediately released the attachment. It must not be overlooked that there was sharp contradiction as to what occurred when appellee and her brother called at the store of appellants and she informed them that she did not owe them anything. On the one hand, appellants' witnesses say that they immediately discovered that she was not the right person, and forthwith took steps to have the levy released. On the other hand, appellee and her brother say the manager still insist that she was the person who owed the bill, and that it was satisfactory to him to take the matter to the court, and that thereupon she employed a lawyer, who succeeded in having the levy released. Because of this contradiction in the evidence, it is at once apparent that we cannot accept as true the evidence of Costin, or the evidence of appellants' bookkeeper, that she was informed by a friend that Millie Conder was working for the tobacco company, and that, before having the attachment issued, she wrote her a letter to which she received no reply, especially in view of the fact that the name of the friend was not given, and no copy of the letter was produced, but are constrained to hold that the credibility of appellants' witnesses was for the jury. Not only so, but it is equally clear that a more reasonable investigation would have disclosed that appellee was not indebted to appellants. On the whole, we conclude that the question of probable cause was for the jury.

Instruction No. 1 submitted the question whether the defendants maliciously, and without probable cause, procured the attachment. Instruction No. 2 defined the terms "maliciously" and "malice." Instruction No. 3 authorized the jury in their discretion to infer malice from want of probable cause. Instruction No. 4 defined probable cause, and told the jury to find for the defendants if they believed from the evidence that they had probable cause.

Instruction No. 5 is as follows:
"The court further instructs the jury that if they believe from the evidence that at the time and on the occasion referred to therein, the plaintiff, Millie Conder, agreed to accept the sum of $1.00 from the defendants, Irving Costin and George R. Slyn, trading and doing business as the L. & N. Clothing Company, in full of all damages that may have aris-

en from the issuance of the attachment referred to in the evidence and accept the same in satisfaction thereof, then and in that event the law of the case is for the defendants, Irving Costin and George R. Slyn, trading and doing business as the L. & N. Clothing Company, and the jury should so find, but unless they so believe, the law of the case is for the plaintiff and the jury should so find."

It will be observed that in the foregoing instruction the jury was told, in substance, that if appellee agreed to accept the sum of $1 in full of all the damages arising from the issuance of the attachment, they should find for the defendants, "but unless they so believe, the law of the case is for the plaintiff, and the jury should so find." The incorrectness of the quoted part of the instruction is conceded, but it is insisted that it is not to be presumed that the jury overlooked the other instructions and assumed that the instruction in question was the only instruction for their guidance. We find difficulty in adopting this view of the question. The situation was one where the jury, regardless of the other instructions, might have concluded that they were required to find for the plaintiff unless they believed from the evidence that she accepted the sum of $1 in full of all damages. To say the least, the instruction was calculated to mislead the jurors and induce a verdict which otherwise they might not have rendered. In the circumstances, there is no escape from the conclusion that the instruction was prejudicial.

This conclusion makes it unnecessary to determine whether the verdict is excessive.

The other instructions are substantially correct.

On the return of the case, appellee will be permitted to amend her petition and plead more specifically as to time lost.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.