## Commonwealth, for Use and Benefit of Harding, v. Bartholomew et al.

(Decided Nov. 24, 1936.)

H. O. WILLIAMS for appellant.

W. S. HEIDENBERG, CLARENCE JUDAH and LAWRENCE S. GRAUMAN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Colescott Harding is appealing from a judgment sustaining a demurrer to the petition as amended in an action brought in the name of the Commonwealth of Kentucky for his use and benefit against Anslem J. Bartholomew, a constable of Jefferson county, and the Fidelity & Casualty Company of New York, surety on his official bond, and dismissing the petition upon failure to further plead.

As appears from the petition, appellant owns and operates a general pressing and dry cleaning business in Louisville. He had conducted the business in a building which he owned for about 15 years. There was a judgment against him in the court of a justice of the peace of Jefferson county for $46 on which an execution was issued and placed in the hands of Constable Bartholomew which was levied by him on four Hoffman pressing machines, two tumblers, one sewing machine, three tables, one roll-top desk, one heating stove, a large safe, one set of racks, and a showcase. He alleged that this personal property was of a value of approximately $7,000 and that there was an unsatisfied lien of about $800 against it; that the constable unlawfully and wrongfully levied upon the property which was not subject to execution; and that the levy was flagrantly illegal and excessive. The property was levied upon about 4 o'clock one afternoon, and the constable locked the building in which the property was located and kept it locked until about 1 o'clock the following afternoon, when appellant superseded and appealed from the judgment upon which the execution issued; that at the time his building was locked up he had in his care and custody as cleaner approximately 100 garments, most of which were ready to be delivered, but because of the levy he was unable to deliver to his patrons and customers garments belonging to them and which he had in his possession and care; that his building was reasonably worth the sum of $20,-

000 and had a lien against it for about $3,000; that because of the levy he had lost a number of patrons and customers from his business as dry cleaner and presser; and that his business had been heavily damaged in the sum of at least $3,500, for which he prayed judgment.

As will be noted, no attack is made upon the validity of the judgment or the execution, appellant's sole ground of complaint being that the execution was levied upon the property of a value greatly in excess of the amount to be made by the execution. As sustaining his right of recovery for excessive levy, counsel for appellant cite and rely on Commonwealth ex rel. Anderson v. Lightfoot, 46 Ky. (7 B. Mon.) 298; Vance v. Vanarsdale, 64 Ky. (1 Bush) 504, and Bailey v. Napier (Ky.) 117 S. W. 948. The first case was an action against a sheriff for failing to make sufficient levy under an execution. In the course of the opinion it is said that in the performance of his duty, an officer levying an execution must exercise a prudent, reasonable, and cautious discretion, and if he fails to do this it is a violation of his duty; that he must take into his possession an amount of property sufficient when sold to pay off the execution; and, on the other hand, he may be liable to the defendant in the execution if he makes an excessive levy. In the second case the officer levied an execution for a trivial sum upon a very valuable blooded colt which he took into his possession. It was held in effect that if he neglected the colt or did not take at least as good care of it as an ordinarily prudent man would of his own, he would be responsible for accrued damages whether the result of mere negligence or willfulness. In the third case, it was held that if a sheriff without right seizes and sells property, or seizes and sells more property than is necessary to satisfy taxes against the property owner, the latter's remedy is against the sheriff on his official bond.

It will be seen that none of these cases are directly in point, except that they set out the general principle that an officer may be liable to the defendant in an execution for damages that may arise as the direct and proximate result of an excessive levy.

In Worthington v. Morris' Ex'x, 98 Ky. 54, 32 S. W. 269, it was held that actual and direct damages to one's property by reason of its wrongful seizure and sale may be recovered.

There is no charge that the officer in levying the execution acted corruptly, wantonly, or maliciously, and in the absence of such allegation any question of punitive or exemplary damage goes out of the case. It is not alleged that the property was in any way damaged, or depreciated in value, during the few hours it was held by the sheriff, or that appellant suffered any loss in being deprived of its use during that time. The only direct allegation of damages is the loss of patrons and customers. The case of Anderson v. Sloane, 72 Wis. 556, 40 N. W. 214, 215, 7 Am. St. Rep. 885, was an action to recover damages for seizing a stock of goods under executions for an aggregate sum of $5,159.98 levied upon a stock of goods alleged to be of a value of $27,-000. The sheriff making the levy closed the doors of the store and held the goods over a period of 26 days and until the judgments, costs, etc., had been satisfied and the goods returned to the assignee of the defendant in the execution; he having in the meantime made a voluntary assignment for the benefit of all his creditors. He recovered judgment for a sum in excess of $10,000. In the meantime the judgments and executions against him had been adjudged void, and therefore the justification for taking the goods under execution failed. His judgment for damages was reversed because of error in instructions, and the court held in substance that the measure of damages was (1) interest on the value of the goods seized from the date of their seizure until delivered to plaintiff or his assignee; or at the option of the plaintiff in lieu of such interest he might recover as damages the value of the business during such time; (2) for any depreciation in the value of the goods during the time resulting from the acts of the officer; (3) for any expenditure plaintiff was put to in obtaining a return of the goods.

In Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. Rep. 604, a part of a stock of goods was wrongfully levied on, seized, and carried away under an execution. There was no proof of malice, bad faith, or oppression which would authorize punitive damages. The court held that it was error to allow proof that because of part of the goods being taken away, plaintiff was unable to conduct his business and sold a portion of the balance at a loss because such damages were too remote to constitute a basis of recovery, and also that it was error to allow proof of loss of future profits be-

cause too speculative, remote and uncertain to be allowed.

In Slaughter v. American Baptist Publication Society (Tex. Civ. App.) 150 S. W. 224, it was held in effect that where it was not shown that property levied upon had deteriorated in value because of its detention, there was no basis for recovery and recovery could not be had for loss of credit or loss of profits from the interruption of business. There are, however, cases indicating an exception to these rules where the loss of profit or business is pleaded with particularity and may be shown with reasonable certainty; but without approving or disapproving the exception, it may be said that the allegations of the petition fall far short of bringing the case within it.

The property levied upon was used by appellant in his pressing and cleaning business, and as stated in brief the chancellor concluded that the measure of damages, if any, would be the loss of the use of these appliances during their detention, and in the light of the authorities cited it is obvious that this conclusion was correct. In addition to the authorities cited hereinbefore, see, also, Carr v. Wood, 103 S. W. 314, 31 Ky. Law Rep. 708; 10 R. C. L. 1398; 6 C. J. 539.

Concerning complaint that the garments of appellant's customers were also locked up in the store, it is not alleged that the sheriff levied upon the property of the customers. If in fact he did, the right of action would ordinarily be in the owner or owners of the goods, and appellant could not maintain an action because of a levy on the property of another which was intrusted to his care, as bailee or otherwise, unless he could show direct and specific damages to him growing out of such levy; and no such damages were pleaded.

Judgment affirmed.