DEBT.

*Case* 43.

January 6.

Case stated.

## Reidhar & Co. *vs* Berger.

### ERROR TO THE JEFFERSON CIRCUIT.

#### *Attachment Bond.   Damages.*

JUDGE BRECK delivered the opinion of the Court.

REIDHAR & MILLET sued out an attachment in chancery against Berger, which was levied upon a lot of merchandize, estimated to be of the value of four hundred and fifty dollars.   Upon final hearing, their bill was dismissed and attachment discharged, and the goods restored to Berger, who thereupon brought this action of debt ·upon the attachment bond, and recovered a judgment for four hundred dollars damages, to reverse which the defendants prosecute this writ of error.

Whether the Court below ruled the law correctly upon the trial in reference to the criterion of damages, or the extent to which the plaintiff was entitled to recover, is the main question presented for determination.

This question came up and was decided at the present term of this Court, in *Pettit & Owen* vs *Mercer*, (*ante*, *page* 51,) which was an action of debt upon a bond similar to the one sued on.   The rule laid down in that case is, "that the plaintiff can only recover damages for the injury he may have sustained by being deprived of the use of his property, or its loss, destruction or deterioration, together with the costs and expenses incurred by him in the defence of the suit; and for all other injuries he may have sustained, he has to resort to his action on the case."

In view of this rule, as it is understood by the Court, it is manifest the Court below erred in overruling the motion to exclude a portion of the testimony, which had been introduced by the plaintiff, and also in the instruction to the jury.

All the testimony tending to show a loss by the plaintiff, resulting from the attachment, in his license to vend goods, his *gas fixtures*, and the services of himself and

In a suit upon a bond given upon suing out an attachment in chancery, in which the complainant is unsuccessful, the damages which the plaintiff may recover, cannot exceed the injury sustained by the party, by being deprived of the use of his property, or its loss or deterioration, decline in value, together with costs and expenses incurred in the defence of the suit. For any further injury, loss of credit, &c., he must resort to his action on the case.

wife during the pendency of the chancery suit, was incompetent, and should have been excluded·from the jury. The enquiry in regard to the injury which the party may sustain by the deprivation of the use of his property, should be limited to the actual value of the use: as for example, the rent of real estate, the hire or services of slaves, or the value of the use of any other species of property in itself productive. The property in this case was not of that character, and the injury from being deprived of the use, should be restricted to the interest upon the value thereof. For any injury beyond that, the damages would be conjectural, indefinite and uncertain, and the plaintiff cannot recover in this action.

If, however, the property is damaged, or if when returned it should be of less value than when seized, in consequence of the depreciation in price, or from any other cause, for such difference the plaintiff would be entitled to recover. But this rule, so far as it relates to the fall or depreciation of the price, would not be applicable to every species of property. It would, however, clearly apply in this case, as it was the trade and business of the party to vend the goods attached, and not to keep them for the mere use.

It results, in virtue of the principles which we recognise as applicable to the case, that the Circuit Judge erred, and to the prejudice of the defendants, in permitting illegal evidence to go to the jury, and also in the instructions as to the law of the case.

Wherefore, the judgment is reversed, and the cause remanded, that a new trial may be granted.

Green for plaintiffs; Pilcher and Hauser for defendant.