CHIEF JUSTICE ROBERTSON
delivered the opinion oe the coubt.
These two separate actions by the appellee McWilliams against the appellant Fullenwider in one case, and Smith & Co. in the other case, being identical in all other respects, were tried together in the circuit court, and the same jury returned a verdict against each defending party for four hundred and fifty dollars in damages, for attaching the appellee’s estate, without probable cause, on the charge that, having gone South with stock to sell, he was through negotiations at home endeavoring to dispose of all his property for the purpose of defrauding the appellants and other creditors. The cases being consolidated here also, two general grounds are urged in this court for reversal: 1. That the verdict was not authorized by the evidence; 2. That the circuit court erred in giving and refusing instructions.
1. The testimony shows that the appellee, as exporter of stock to the southern market for years, had maintained a high character for honor and integrity; but that his tangible estate in Kentucky, which was land, might not alone be equal to his debts; and altogether, when carefully analyzed and logically collated, preponderates in favor of the conclusion that while other creditors, apprehensive of ultimate insolvency, attached on account of absence only, the appellants, having no other fit cause for their attachment, attached merely to gain priority; and as long as friends and intimate acquaintances of the appellee had no sufficient ground for believing that he intended to perpetrate the imputed fraud on his creditors, and as on that hypothesis the law implied malice, the actions were maintainable without any proof or presumption of actual malice, and the jury had a right so to find.
2. The radical objection-made to the rulings of the court is that, without distinctly defining probable cause, they left the jury sole judges both of the law and the facts. But all parties concurred in moving instructions in the same way, presuming *391 that the jury understood probable cause, either from its intrinsic nature or from instructions given at the instance of the appellants, properly defining it.
A subordinate but more formidable objection is that the court, separating several distinct facts conducing to show probable pause, instructed the jury that no one of them “alone” could establish probable cause. This, though unusual, could not have been misleading, because it did not imply that all the classes of facts considered together were insufficient; and' this the jury must have understood from all the instructions as given.
To gain priority creditors too often attach the property of a failing debtor on a causeless ground affecting his character and credit, when the only true ground would affect his property only. This abuse juries may understand and should rebuke. Then the jury in these consolidated cases, being the best judges of the motives and conduct of the parties, and the only rightful judges of the effect the attachments for fraud had on the credit, character, and feelings of the appellee, have understandingly found verdicts which this court can not set aside; and therefore the judgments are affirmed.