## Crawford v. Staples, et al.

(Decided May 30, 1919.)

### Appeal from Henderson Circuit Court.

1. Attachment—Wrongful Attachment—Action for.—A party whose property is wrongfully attached may sue those who caused the attachment to be levied thereon under section 7, Kentucky Statutes, instead of suing upon the attachment bond, for damages resulting therefrom.

2. Attachment—Wrongful Attachment.—In such an action the question of whether the attachment was wrongful is concluded by the judgment in the attachment suit.

3. Attachment—Live Stock—Feeding and Care of.—The owner of productive, usable live stock wrongfully attached cannot recover the cost of feeding and caring for same while under attachment when he was not deprived of its use and possession.

4. Attachment—Wrongful Attachment—Depreciation of Property.—Neither can he under such circumstances recover for depreciation and deterioration in value, due to natural causes and not proximately resulting from the attachment.

5. Attachment—Wrongful Attachment—Compensation.—In such actions the owner is entitled to recover his actual damages, by which is meant compensation for those injuries and losses which are the direct and proximate result of the wrongful suing out of the writ and the seizure and detention of his property thereunder.

6. Attachment—Wrongful Attachment.—Loss of Productive Value of Property.—Loss of a sale at the market value of property having a productive, usable value is not a loss proximately resulting from the wrongful attachment especially where no effort was made by the owner to consummate the sale or notice given that a sale was desirable, hence proof of an offer to buy at the market value was incompetent and properly excluded.

B. S. MORRIS for appellant.

F. J. PENTECOST, McCLAIN & PENTECOST, HENSON & TAYLOR and DORSEY & DORSEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In January, 1913, in an action by appellees against Gilbert Crawford on a note, an attachment was levied upon two horses and two mules as the property of Gilbert Crawford, the sheriff however leaving the horses and mules in the possession of L. J. Crawford, who claimed to own them, as his agent.

Upon a trial of that action it was decided that the horses and mules were the property of L. J. Crawford

and the attachment was discharged. Thereupon L. J. Crawford instituted this action not upon the attachment bond, but against appellees, the plaintiffs in the attachment suit, to recover of them $520.00 as damages for the wrongful attachment of his property.

That his property was wrongfully attached in that action is concluded by the judgment therein; and his right to maintain this action directly against those who wrongfully caused the attachment to be issued and levied upon his property, instead of suing upon the attachment bond, is specifically conferred by section 7 of Kentucky Statutes. Fars & Shippers Tob. W. H. Co. v. Gibbons, 107 Ky. 611, 55 S. W. 2; Mitchell v. Mattingly, 1 Metc. 237; Worthington v. Morris Extrx., 98 Ky. 54; Fite v. Breindenbach, 127 Ky. 504, 105 S. W. 1182.

Of the three defendants in this action, all of whom controverted plaintiff's allegations of damages, J. B. Staples and M. C. Dunn admit they caused the attachment to be levied upon plaintiff's horses and mules, but the Union Bank & Trust Company denied it was interested in that action or knew of or authorized the levy of the attachment, and upon this issue the evidence conclusively sustains its contentions, so the court did not err in dismissing the petition as to this defendant.

Since Staples and Dunn confessed responsibility for the wrongful attachment it is only necessary for us to determine whether or not the court erred upon a submission without a jury in awarding plaintiff only nominal damages to which he was entitled on the pleadings. He asserts two items of damage, one for the cost of feeding and caring for the attached property, the other for loss from depreciation in value while attached.

As to the first item plaintiff is clearly not entitled to recover since he owned the property and not having been deprived of its use and possession he only bore the cost of maintenance, just as he would have been compelled to do if there had been no attachment. Samples v. Rogers, 134 Ky. 83, 119 S. W. 199.

To sustain the claimed loss from depreciation while attached plaintiff proved the horses were worth $400.00 and the mules $200.00 when attached; that one of the horses died and the other lost the sight of one eye while attached, as the result of a disease prevalent in his neighborhood; and he attempted but was not permitted to prove, as is shown by avowals, that the horse that was

alive and the mules, at the time the attachment was discharged, were worth respectively $60.00 and $160.00, and that he had received an offer from his brother-in-law of $400.00 for the horses and $200.00 for the mules, and that they were then worth the amounts offered, which he was prevented from accepting by the attachment.

It will thus be seen that, admitting the one horse died and the other lost its sight from disease in no wise caused by the attachment, and that the mules had depreciated in value because of increased age, plaintiff seeks to recover of defendants these losses, due solely from natural causes and not proximately resulting from the attachment, upon the ground that he was prevented from making a sale at their market values, because of the attachment, and that the loss of the sale was the proximate result of the attachment.

Waiving the failure of plaintiff to prove or avow that the offer to buy was made by a person able to pay for the property the prices offered, which prices are shown to have been the market values and no more, it is apparent he suffered no loss of profit or anything at all as the proximate result of not making this sale because he still had the property equivalent in value to the prices offered, and his only loss was to his horses from disease and to his mules from increased age, both of which were natural causes not in any way caused by the attachment.

Damages recoverable in such actions as this are actual or compensatory and are thus defined in 6 C. J. 533:

"Whether the action or proceeding is upon the attachment bond or independent thereof where the suing out of the writ was wrongful defendant in attachment is entitled to recover his actual damages, by which is meant compensation for those injuries and losses which are the direct and proximate result of the wrongful suing out of the writ and the seizure and detention of his property thereunder." See also 2 R. C. L. 901, and 3 Am. & Eng. Enc. of Law 247.

This is the rule approved and applied in this state in many cases, although variously stated. Mitchell v. Mattingly, *supra;* Pettit v. Mercer, 8 B. M. 51; Reidhar v. Berger, Id. 160; Burgen v. Sharer, 14 B. M. 500; Trapnall v. McAfee, 3 Meb. 34; Shultz v. Morrison, Id. 98. In some of the above cases deterioration and depreciation of price are included as elements of compensatory damages, but only in cases where the defendant in at-

tachment was deprived of possession and then only with reference to certain kinds of property that were held and owned for sale and not for use, which distinction is made and thus explained in Reidhar v. Berger, *supra*:

"The inquiry in regard to the injury which the party may sustain by the deprivation of the use of his property should be limited to the actual value of the use; as for example, the rent of real estate, the hire or services of slaves, or the value of the use of any other species of property in itself productive.

"The property in this case was not of that character, and the injury from being deprived of the use, should be restricted to the interest upon the value thereof. For an injury beyond that, the damages would be conjectural, indefinite and uncertain, and the plaintiff cannot recover in this action.

"If, however, the property is damaged, or if when returned it should be of less value than when seized, in consequence of the depreciation in price, or from any other cause, for such difference the plaintiff would be entitled to recover. But this rule, so far as it relates to the fall or depreciation of the price, would not be applicable to every species of property. It would, however, clearly apply in this case, as it was the trade and business of the party to vend the goods attached, and not to keep them for the mere use."

This distinction is but an application of the general rule of proximate results to different kinds of property from being deprived of its use. As to such property as is owned and held for use the criterion of damages for the loss of use is the value of such use, but where the property is not owned and held by the owner for use, but for sale, the value of the loss of possession not being capable of estimation on a basis of its usable value, as it has no such value to the owner, is estimated on a basis of the deterioration or depreciation in its salable value.

As plaintiff was not deprived of the possession of his property, he was not entitled to recover for loss of use, or for depreciation or deterioration or any other loss, except such as resulted proximately from the attachment, and as all of the losses sustained were due to natural causes and not to the attachment, he was entitled to recover only nominal damages and the judgment rendered was all that could have been given, even if all evidence offered by plaintiff had been admitted. And as

the loss he attempted to prove by the excluded evidence was not an element of damages recoverable, its exclusion was not erroneous.

Even if the soundness of these conclusions were doubtful another potent reason why plaintiff should not be permitted to recover for any loss for a claimed prevention of an advantageous sale he desired to make while the property was under attachment, is the fact that although bound to minimize his losses he did not apprise the court or the plaintiffs of his desire or ability to make the sale until after the attachment was dismissed, which no doubt would have been readily agreed to by the plaintiffs or allowed by the court upon payment into court of the purchase price, and the loss now asserted could have been prevented.

It would be both a dangerous and unreasonable rule that would allow the owner of attached property, which is ordinarily and presumably held for use and not for sale, to assert a claim for damage from being prevented from making an advantageous or desirable sale of which he did not inform the court or parties to the action until after the attachment was discharged, and to consumate which he made no effort whatever. Such a loss is entirely too remote, improbable and speculative, at least until notice of its possibility is brought within the comprehension of those liable to be charged therewith.

Wherefore the judgment is affirmed.