## Samuels v. Davis.

(Decided September 26, 1919.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, No. 3.)

1.  Attachment—Wrongful Issuance of—Malice Not to be Inferred.—Malice, though often inferrable from a wrongful act, not to be inferred from the mere wrongful issuance of an attachment for $12.30 by a justice of the peace in an action after his jurisdiction of the subject matter and the defendant had been terminated by a final judgment.

2.  Attachment—Liability for Wrongful Issuance.—The justice liable for compensatory but not exemplary damages for such wrongful issuance of attachment where no malice proven; and to nominal damages only where no actual injury proven.

3.  Attachment—Wrongful Issuance—Mental Suffering.—Mental suffering, injury to character and humiliation not elements of compensatory damage in such case.

4.  Attachment—Evidence of Custom Giving Publicity.—Evidence of a custom of the attachment defendant's employer in giving publicity to an attachment not competent.

HENRY W. SANDERS for appellant.

WM. HEIDENBERG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On September 12, 1912, Samuel Plamp sued appellee in the court of appellant, a justice of the peace, for $14.80, and by filing proper affidavit and executing bond according to law, procured the garnishment of the wages due appellee from his employer.

Appellee appeared and confessed judgment for the amount and costs, which was duly entered of record, and the garnishment released upon his payment of $5.50 and agreement to settle the balance of the judgment by semi-monthly payments thereon. In compliance with this agreement appellee paid to a clerk in appellant's office $5.00 on his next pay, October 2nd, and at the succeeding one, October 14th, $6.50, taking receipts therefor, the latter reciting that it was in full of Plamp's judgment. The clerk, however, neglected to mark the judgment satisfied or to enter in the cash memoranda book, where such payments were customarily entered, this payment, and thereafter, on the 10th day of November, Plamp having called

up over the telephone and asked why the balance of the judgment had not been paid, the appellant, Samuels, after consulting the cash memoranda book, issued and caused to be served upon appellee and his employer what was styled an "alias attachment" in the suit of Plamp v. Davis, for what appeared to be the unsatisfied balance of the judgment and $5.00 probable cost.

The next day appellee went to Samuels' office and presented to him his receipt in full satisfaction of the Plamp judgment, whereupon appellant discovering his mistake released the attachment.

To recover of Plamp and Samuels jointly $2,500.00 damages alleged to have been sustained by him as a result of this wrongful garnishment of his wages appellee instituted this action, alleging that the "alias attachment" was caused to be issued by Plamp and issued by Samuels wrongfully, maliciously and without probable cause. Plamp filed separate answer denying responsibility for or knowledge of the issuance or service of the "alias attachment" which was sustained by the evidence and the action was dismissed as to him upon peremptory instructions, of which there is no complaint. Samuels traversed the material allegations of the petition and a trial having resulted in a verdict and a judgment against him for two hundred and fifty dollars ($250.00), has prayed an appeal and urges as grounds for reversal that the court erred in refusing his motion for a directed verdict, in the instructions given, and in the admission of evidence for plaintiff.

1.   Since there had been a final judgment in the case of Plamp v. Davis and that judgment had been fully satisfied, it is apparent that the appellant was without jurisdiction to issue the "alias attachment" and that it was issued without authority of law and wrongfully, for which he was liable to the appellee for any damages actually resulting to him therefrom (Revill, &c. v. Pettit, 3 Met. 314, 16 R. C. L. 345), and if done maliciously, as alleged in the petition, he was also liable for exemplary damages. 20 Cyc. 1152, 12 R. C. L. 853, 6 C. J. 541, 17 C. J. 836; Tisdale v. Major, 68 A. S. R. 266; Mitchell v. Mattingly, 1 Met. 240; Petit v. Mercer, 8 B. Mon. 51; Reidhar v. Berger, 8 B. Mon. 160; Hall v. Foreman, 5 Ky. L. R. 140; Tripp Brothers v. Heimer, 99 S. W. 330; Owsley v. Farmer, 104 S. W. 762; Crawford v. Staples, 184 Ky. 477.

As it was clearly established that the attachment was is-
sued without probable cause and wrongfully, entitling ap-
pellee to at least nominal damages (John C. Lewis Com-
pany v. Scott, 95 Ky. 484; Crawford v. Staples, *supra,*
8 R. C. L. 424), the court did not err in overruling ap-
pellant's motion for a directed verdict.

2. There was, however, no proof whatever of any
actual injury having resulted to appellee, and nominal
damages, therefore, was the extent of his right to recover
under the evidence unless such malice was shown as
would entitle him to recover exemplary damages

3. While malice is often inferable from a wrongful
act and its attendant circumstances, it is so, from the
wrongful act itself, only where the wrongful act is of
such a character as to show a wanton disregard of duty
or the rights of others, and we are sure that the mere
wrongful issuance of an attachment for $12.30 by a mag-
istrate through a mistake of both law and fact, unattended
by any circumstance that indicated actual malice upon
the part of the magistrate, and where he corrected the
mistake as soon as his attention was called to it, and
before any actual injury had resulted, was not an act of
such a character as to warrant an inference of malice
therefrom. But, even if malice had been inferable from
such act, whether or not it was maliciously done was a
question of fact for the jury and not for the court. 18
R. C. L. 30; Anderson v. Columbia Finance & Trust Com-
pany, 20 Ky. L. R. 1793. Hence the court was in error
in instructing the jury that the appellant "issued said at-
tachment maliciously . . . to coerce the payment of
money," as well as in reciting a personal experience
upon which that conclusion was partially based. Hob-
son's Instructions to Juries, section 1. Instructions were
further erroneous in that in the absence of proof of
malice they included as elements of damages recoverable
humiliation, mortification and loss of reputation, as they
were also in submitting compensation for expenses that
plaintiff was required to expend as there was no proof
of such loss.

4. The evidence of which appellant complains was
testimony of his employer's custom in giving publicity
on pay days in the presence of all employees of the garn-
ishment of an employee's wages, which was clearly in-
competent, both because there was no showing or claim

even that anything of the kind happened in this case and also because of the fact that such evidence was directed toward an element of damages not recoverable under the proof here.

Wherefore, the motion for an appeal is granted and judgment reversed and cause remanded for proceedings consistent herewith.