## Basham v. Citizens' Loan Company.

(Decided October 26, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Malicious Prosecution.—Action lies for maliciously and without probable cause suing out attachment and wrongfully seizing goods of debtor, or garnisheeing creditor of debtor.
2. Malicious Prosecution.—Attachment must have been fully executed to support cause of action for malicious prosecution.
3. Malicious Prosecution—Petition, in Suit for Malicious Prosecution of Attachment Suit which was Successful in Justice Court, Held Insufficient to State Cause of Action.—In action for malicious prosecution of attachment suit, amended petition showing that attachment suit resulted in judgment for plaintiff in jusice court, which was reversed on trial de novo in circuit court, held insufficient to state a cause of action, in absence of any averment that judgment in justice court was procured by fraud, corruption or perjured evidence, notwithstanding allegation that justice acted arbitrarily, presumptuously and willfully.

ROBERT HUBBARD for appellant.

W. L. DOOLAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action instituted in the Jefferson circuit court by Bashman against the Citizens' Loan Company to recover damages for malicious prosecution of an attachment suit, was dismissed after a general demurrer had been sustained to the petition as amended and appellant had declined to further plead, electing to stand upon his petition as amended.

Appellant, Basham, was employed by Swift & Company. He borrowed a small sum of money from the Citizens' Loan Company, agreeing to repay it in monthly installments. After paying several installments he claimed that he had satisfied the note, while the loan company insisted that he owed a balance; thereupon the loan company instituted an action in the court of Squire Levy to recover the alleged balance on the note, and as an incident to the proceeding sued out an attachment against the property of Basham and served Swift & Company as garnishee. A trial was had before Squire Levy and

he entered judgment for $3.50 against Basham and sustained the attachment. From that judgment Basham prosecuted an appeal to the Jefferson quarterly court. A trial was had, the action dismissed and the attachment discharged. Thereupon Basham instituted this action in the Jefferson circuit court against the loan company to recover damages for maliciously and without probable cause instituting the action, suing out the attachment against his property, and serving his employer as garnishee. A general demurrer was filed to the petition as amended and sustained by the trial court upon the ground that the petition did not state a cause of action in that it did not show want of probable cause in the institution of the original action, it being averred that the attachment was sustained in the Jefferson justice's court. Appellee, loan company, insists that where the court of original jurisdiction sustains the attachment, even though the cause be appealed and the attachment finally discharged and suit dismissed, probable cause is judicially established, and the defendant in the attachment suit can not thereafter successfully maintain an action for damages for malicious prosecution, and in support of that contention cites the cases of Spring & Stepp v. Besore, 12 B. M. 551; Griffs v. Sellers, 4 Devereux & Batte, 174 Supreme Court of N. Carolina; Whitley v. Peckman, 15 Mass. Rep. 243; Herman v. Brookerhoff, 8 Watt's Penn. Rep. 240; Reynolds v. Kennedy, 1 Wilson Rep. 232; Burt v. Place, 4 Wend. 591.

Appellant challenges the correctness of this statement of the law and says that the rule relied upon by appellee, loan company, does not apply where the court to which the appeal is prosecuted tries the case de novo and does not merely affirm or reverse the judgment.

There can be no doubt that an action will lie for maliciously and without probable cause suing out an attachment, wrongfully seizing the goods of a debtor or wrongfully serving a creditor of a debtor as garnishee, as in this case. Fullenwider v. McWilliams, 7 Bush 389; Savage v. Brewer, 16 Pick. (Mass.) 453; Bump v. Betts, 19 Wend. (N. Y.) 421; 38 C. J. 391.

To make a cause of action complete for malicious prosecution in such a case the attachment must be fully executed. 18 R. C. L. 16.

"In actions of this character, it is necessary to show the termination of the proceedings complained

of. In an action for malicious prosecution, the complainant must show that the prosecution of which he complained, terminated favorably to him, or that his conviction was procured by perjury or corrupt practice, and in an action for false imprisonment the same rule applies. Duerr v. Ky. & Ind. Bridge & R. R. Co., 132 Ky. 228; Spring v. Desore, 12 B. M., 551; Hegan Mantel Co. v. Alford, 114 S. W. 290. In the two kinds of actions mentioned, the complainant must show that the prosecution against him, or the arrest, where made by an officer without a warrant, were without probable cause. The existence of probable cause is a sufficient defense, in either action. If the prosecution complained of, or the arrest complained of, terminated in the acquittal of the party of the crime or offense for which he was prosecuted, or on account of which he was arrested, he can use the judgment in his favor as evidence, that there was no probable cause for his prosecution or arrest, and if convicted of the crime for which he was prosecuted or arrested, the judgment is conclusive evidence of the existence of probable cause for his prosecution or arrest, unless in his petition he alleges and sustains by proof that his conviction was obtained by fraud, corruption, or perjured evidence.'' L. & L. & G. Insurance Company v. Wright, 166 Ky. 159.

In the Spring & Stepp v. Desore case, 12 B. Mon. 551, decided in 1851, it was held that to enable a plaintiff to maintain an action for a civil suit brought maliciously, the suit alleged to have been maliciously brought must have been decided in his favor, and the fact must be averred, but that no action for damages for malicious prosecution in a civil suit can be maintained where the decision of the court of first instance has been in favor of the defendant in the damage suit, though that decision be afterwards reversed by the appellate court, unless it be averred and shown that the decision of the inferior court was obtained through fraud or unfair means. Indeed, it is said that a judgment in favor of a plaintiff in the attachment suit is conclusive evidence of probable cause in an action for damages for malicious prosecution even though the judgment be later reversed by a higher court. A more recent case upon the subject is Duerr v. Ken-

tucky and Indiana Bridge Company, 132 Ky. 228, which fully supports the rule laid down in the Desore case, *supra,* but adds that a judgment of conviction in the lower court is conclusive evidence of the fact that there was probable cause for the prosecution in every case except where it is alleged and proven that the judgment of conviction was procured by fraud, corruption or perjured evidence. There is, however, no averment in the petition, or in any amendment thereto, in the instant case that the judgment sustaining the attachment in Squire Levy's court was procured by fraud, corruption or perjured evidence. There is an attempt, however, to plead that the squire in passing upon the attachment suit acted arbitrarily, presumptuously and wilfully. Certainly the justice in entering a judgment acted wilfully, for he willed to enter the judgment. He may have acted presumptuously and arbitrarily without acting fraudulently or corruptly. There is, however, a total absence of averment that the appellee, loan company, and its agents, procured the magistrate to act arbitrarily, wilfully or presumptuously, if indeed he did so act, or that the defendants, or either of them, was guilty of fraud, corruption or perjury in obtaining the judgment. A great number of cases are assembled in the Duerr case, *supra,* supporting the rule. Other analogous cases are Nolle v. Thompson, etc., 3 Metcalf 121; Petit and Owen v. Mercer, 8 B. Mon. 51; Hegan Mantel Company v. Alford, 114 S. W. 290. In the absence of an averment in the petition as amended that the defendants, or some one or more of them, by fraud, corruption or perjury, obtained the judgment in the magistrate's court, or that the magistrate himself, acting with the defendants, corruptly and fraudulently rendered the judgment sustaining the attachment, no cause of action was shown in favor of Basham against the loan company or other defendants. The trial court did not err in sustaining the general demurrer to the petition as amended.

Judgment affirmed. Whole court sitting and concurring.