## Bozeman Mortuary Association v. Fairchild et al.

(Decided Oct. 18, 1935.)

BIRD & BIRD for appellant.

B. J. BETHURUM and JOEL M. JONES for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant and plaintiff below, Bozeman Mortuary Association, filed this claim and delivery action in the Rockcastle circuit court against appellees and defendants below, seeking to recover possession of a Buick combined sedan and ambulance owned and used by plaintiff in its business at Bozeman, Montana (and which was stolen from it sometime in the first part of the year 1931), and damages for its detention. Upon the serving of the writ on the defendants, they executed bond to retain possession of the property pursuant to the provisions of section 188 of our Civil Code of Practice. They later answered the petition in which they denied its material averments and sought the recovery

of an offset against plaintiff's demands for expenditures made by them on and to the motor vehicle from the time they obtained possession of it, amounting in the aggregate to a substantial sum. Following pleadings made the issues and upon trial there was a judgment for defendants on their set-off for the sum of $81.18, and plaintiff's claim of damages was denied. Its appeal to this court resulted in a reversal of the judgment, followed by a direction to disallow all the items constituting the alleged offset of defendants. See case of Bozeman Mortuary Association v. Fairchild, 253 Ky. 74, 68 S. W. (2d) 756, 92 A. L. R. 419.

After the filing of the mandate from this court, plaintiff amended its petition so as to increase the damages it claimed in the original one to $1,050. By agreement that pleading was traversed of record. In the meantime, and before the first trial, defendants conceded plaintiff's ownership of the involved property and surrendered possession to it, but not until they had retained possession for some time after the institution of the action under the bond supra, that they executed. At a second trial the jury, under the instructions submitted to it by the court, returned a verdict in favor of plaintiff on its damage claim (that being the only issue left after possession surrendered by defendants) in the sum of $50 against each of the two defendants. It later filed its motion for a new trial, which was overruled, followed by its prosecuting this appeal to this court where it seeks a reversal of that judgment upon a number of grounds contained in its motion. However, its counsel in their brief here argue but two of them, and which are: (1) That the verdict is "flagrantly and palpably against the evidence," and (2) error in giving to the jury instruction No. 1, to the giving of which plaintiff objected and excepted; and to which grounds alone we will confine our discussion in the order named.

1. In actions for the recovery of the possession of personal property and damages for its wrongful detention by the defendant, the rule for the measurement of the amount of the recovery for detention of possession varies with the use of the property involved as indicated by the purpose to which plaintiff devoted it. If the property is kept by the plaintiff for sale or consumption only, and not for use in his business, the rule generally applied is to allow interest on the value of the

property from the time of the wrongful taking by defendant in all cases where the plaintiff regains the possession of the property in an undamaged condition. But if defendant during his possession has damaged the property the recovery, under the rule stated, will be increased to that extent and the total amount of the judgment will be composed of both items. See the text in 23 R. C. L. p. 911, sec. 73. If, however, plaintiff should fail for any cause to regain the possession of the property, he would then be entitled to recover the additional item of its fair value when it was wrongfully possessed by defendant.

On the other hand, if the property is not kept by plaintiff as an article of merchandise for sale or for consumption by him, but for use in his trade or business, then his measure of damages for its wrongful detention is the value of the use of the property in his business during the period of its wrongful detention by defendant, subject, however, to be augmented by any damage sustained by it while in defendants' possession, and which was produced or suffered to be produced by him. See the text on same page of same volume, section 74, a part of which, in stating the rule under such conditions, is: "Accordingly the rule is well settled that where property has a value on account of the use to which it may be put, as distinguished from its value for sale or consumption, a successful plaintiff in replevin is entitled to recover as damages for its detention the value of such use during the time that the property was wrongfully detained." In note 15 to that text are a great number of cases sustaining it, with none to the contrary. The rule, however, is confined to the right of an owner of the involved property or one who is entitled to its use and not to one who is entitled only to its possession without the right to use it.

On the following page (912) in section 75 of the same volume, it is pointed out (what is evidently true from the foregoing proposition) that in arriving at the value of the use the entire period of detention should not be computed, unless the evidence shows that the use would cover all of it. In other words, the value of the use, which plaintiff in such cases and under such conditions is entitled to recover, is confined to the time that the property would most likely be in use by him. If there were times and periods during the entire space of

detention by defendant when the property would not be in use by plaintiff, then recovery for such use could not be had for such times or periods. In arriving at the value of such use, the text in the cited section, 75, says, inter alia: ''The amount to be allowed is to be determined according to the market value of the use of the property. It is the net usable value, less the expense of keeping the property, which may be recovered.'' See, also, Ann. Cas. 1914A, 378, where there will be found an extended annotation upon the general subject of the measure of damages to which plaintiff is entitled in actions for the specific recovery of personal property. Among the cases cited therein is Roach & Weill v. Houston, 15 Ky. Law Rep. 61, in which our former superior court upheld and applied the above-stated rule measuring plaintiff's right of recovery where he succeeds in repossessing himself of the property.

The same question, i. e., the correct rule for the measurement of damages that the owner of property is entitled to recover against one who wrongfully deprives him of the possession of it, though arising in a different character of action, was presented in the case of Crawford v. Staples, 184 Ky. 477, 212 S. W. 119, 121, and in the opinion we approved the general rules supra contained in the text of the cited R. C. L. volume. The approving language found in the opinion is: ''As to such property as is owned and held for use the criterion of damages for the loss of use is the value of such use.'' The opinion then proceeds to state the correct rule where the owner of the property holds it, not for use, but for sale or consumption. Among the cases cited in that opinion is that of Reidhar v. Berger, 8 B. Mon. 160, the opinion in which also approves the text rules supra, and which two cases alone, to say nothing of others of similar tenor, are in accord with and fully sustain our conclusions hereinbefore expressed.

The only testimony in this case on the issue of damages to which plaintiff was entitled established an amount far in excess of the verdict returned in its favor. It was unimpeached either by express contradictory proof, or by any fact or circumstance, appearing in the cause. That being true, its right to apply for and secure a review of the judgment in its favor is not affected, as defendants' counsel contend, by section 341 of the Civil Code of Practice, disallowing the granting

of a new trial "on account of the smallness of damages. * * * in which the damages equal the actual pecuniary injury sustained," since we have uniformly construed it not to apply where the verdict was less than the pecuniary injury sustained as measured by the correct rule for their ascertainment.

Plaintiff's testimony was but inferentially directed to the correct rule supra (i. e., the value of the use to plaintiff in its business of the involved vehicle). It was more confined to the profits that plaintiff could have earned with the detained vehicle during the period of its detention by defendants while employing it in the prosecution of its business. That rule is necessarily, from what we have said, an incorrect one, and plaintiff's testimony should have been confined exclusively to the correct one that we have above pointed out. From the testimony as given, however, it is manifest, in the absence of any contradiction thereof, that the verdict is flagrantly against the evidence.

2. Instruction No. 1 given by the court to the jury on its own motion, and complained of on this appeal, submitted no measure of damages whatever. The period for which damages were sought was from June 15, 1932, until September 27 of the same year. The instruction told the jury that if it believed from the evidence that defendants wrongfully detained the automobile in contest during that period, "knowing that it was stolen property," that it should find for plaintiff "such sum in damages as you may believe from the evidence the plaintiff sustained by reason of the defendants holding said automobile; not to exceed $1,050.00 the amount sued for." It will, therefore, be seen that the jury was given no rule by which to measure the damages that it might return in favor of plaintiff in a verdict found in its favor. Furthermore, the instruction conditioned plaintiff's right to recover any damages upon defendants' knowledge that the property had been stolen from plaintiff; but which fact would by no means mitigate or excuse their wrongful and unlawful detention of the property from the possession of plaintiff. Indeed, the proof in the entire case shows that it was the duty of defendants to surrender the possession of the property to plaintiff when demand therefor was first made and defendants' possession thereof was wrongful from and after that time. The instruction on another trial, if the

evidence should justify it, should confine plaintiff's right of recovery to the value of the use of the automobile to it in its business for the period for which damages are sought by the pleadings, and in calculating such value all expenses in the operation should be deducted, and profits should not be taken into the estimation.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and for future proceedings consistent with this opinion.