## Eureka Dry Cleaners v. Stone Brothers & Shrout.

(Decided Oct. 25, 1935.)

MONT WALKER for appellant.

W. B. WHITE and JAMES CLAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The Eureka Dry Cleaners, a firm composed of Anna Newlove and Earl G. Newlove, brought this suit against Enoch Stone, Robert Stone, and Walter Shrout, doing business as Stone Brothers & Shrout, to recover $218.50 damages for the wrongful attachment and seizure of their property. A demurrer was sustained to the petition as amended, and the petition was dismissed. The case is here on motion for an appeal.

The facts alleged in the petition and amended petition may be summarized as follows: On May 11, 1933, the defendants, Enoch Stone, Robert Stone, and Walter Shrout, doing business as Stone Brothers & Shrout, instituted an action in the Nicholas quarterly court by which they sought to recover of one V. B. Combs a certain sum of money, and asked and obtained an order of attachment, which, at their insistence, was levied by the sheriff on a certain pressing machine which was the property of the plaintiffs. On May 20, 1933, plaintiffs filed their verified intervening petition averring that they were the owners and entitled to the immediate possession of the pressing machine, and asked that they be made parties defendant and be adjudged the owners of same. Thereupon they were made parties defendant, and, notwithstanding their verified intervening petition, Stone Brothers & Shrout instituted another action in the Nicholas quarterly court against V. B. Combs, whereby they sought to recover a further sum of money, and prayed for and obtained another order of attachment, which, by their insistence, was levied by the sheriff on the pressing machine. The two actions were then consolidated and plaintiffs' intervening petition in the first action was taken and considered as their answer in both cases. Said actions were then tried as one action in the Nicholas quarterly court, and from an adverse judgment an appeal was taken by the plaintiffs to the Nicholas circuit court, where the cause was tried before a jury and judgment was rendered discharging the attachment and adjudging plaintiffs the owners of the pressing machine and entitled to the immediate possession of same. Each and all of said orders of attachment and the levies thereon were obtained and levied by the defendants without good cause or any cause at all on the aforesaid property of the plaintiffs in violation of section 7, Kentucky Statutes, by reason of which plaintiffs suffered certain damages. Notwithstanding the fact that plaintiffs in the action against V. B. Combs had knowledge of the fact that the

pressing machine attached by them in that action was then the property of plaintiffs, they wrongfully and without good cause, or any cause at all, produced an order of attachment which was directed to the sheriff of Nicholas county, and procured and had the sheriff to levy said attachment upon the property of the plaintiffs, to wit, said pressing machine, and wrongfully and without good cause, or any cause at all, held possession of same for a period of nine months.

In support of the ruling below, there is cited the case of Basham v. Citizens' Loan Co., 216 Ky. 251, 287 S. W. 719, holding that an amended petition in an action for malicious prosecution of an attachment suit showing that the attachment suit resulted in a judgment for plaintiff in justice court, which was reversed on trial de novo in the circuit court, was insufficient to state a cause of action, in the absence of any averment that judgment in justice court was procured by fraud, corruption, or perjured evidence, notwithstanding allegation that justice acted arbitrarily, presumptuously and willfully. We do not regard that case as controlling. It deals solely with a case between the attachment defendant and the plaintiff in the action, and holds that, in the absence of fraud, corruption, or perjured evidence, a judgment in a court below is conclusive on the question of malice and want of probable cause. The action under consideration is between the intervening claimants, who were finally adjudged to be the owners of the property, and the plaintiff in the attachment suit. They are not concerned with whether the plaintiff had grounds for the attachment, or acted without probable cause. The basis of their action is that their property was seized by the sheriff at the insistence of defendants, and kept for a period of nine months. Where that is the case, the question of ownership turns on the final judgment and not on a judgment which has been reversed. It is the rule that one whose property is sold on attachment for the debt of another may recover not only from the sheriff who made the sale, but from the plaintiff in the attachment, who procured or directed the sheriff to make the sale. Fite v. Briedenback, etc., 127 Ky. 504, 105 S. W. 1182, 32 Ky. Law Rep. 400. The reason for the rule applies with equal force where the property is seized and taken from the possession of the true owner. In such case there can be no recovery of counsel fees and expenses incurred in establishing ownership of the property, but the mea-

sure of damages, where as here the property is used by the owners, is the value of the use of the property during the time they were deprived of its possession. Bozeman Mortuary Association v. J. M. Fairchild et al., 260 Ky. 748, 86 S. W. (2d) 979.

It follows from what has been said that the petition as amended stated a cause of action, and the demurrer thereto was improperly sustained.

Wherefore, the appeal is granted, and the judgment reversed and cause remanded for a new trial consistent with this opinion.