# Watkins et al. v. Carter.

(Decided Feb. 12, 1937.)

242

WILLIAM LEWIS & SON for appellants.

C. R. LUKER and ROBERT BIRD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

Loy Carter brought this suit against the appellants, Mark A. Watkins (doing business as the London Motor Car Company), George M. Rawlings, and J. M. Scoville, to recover $1,361 damages alleged suffered by him as the result of the wrongful attachment and seizure of his automobile.

The facts alleged in the petition may be summarized as follows: That on May 8, 1934, the appellant Mark Watkins, claiming that he had sold the appellee a Ford car under a conditional sales contract, which he had failed to perform, brought suit against him in the Laurel circuit court seeking recovery of damages for the alleged breach of the contract; that Watkins, after first executing an attachment bond, wherein the defendants George M. Rawlings and J. M. Scoville were sureties, sought and obtained an order of attachment, which at his insistence was on May 9, 1934, levied by the sheriff upon a Chevrolet coupé of Carter's, who made the following return on said order:

> "Executed by attaching and taking charge of one Chevrolet Coach, 1934 Model and storing it in the Dixie Motor Car Company, being of the defendant, Loy Carter."

Further, plaintiff alleged that the defendants George M. Rawlings and J. M. Scoville, by reason of the wrongful obtention of the attachment, were jointly and severally liable with Watkins as sureties in the attachment bond executed therefor.

Plaintiff further states that he was the owner of the automobile thus levied on and taken in charge by the sheriff, as set out in the return, and that its use and possession was withheld from him under the attachment from the day of its levy, May 9, 1934, until November 2, 1934, when final judgment was rendered dismissing the attachment suit, or for a period of 191 days, to his damage in the sum of $1,146 (or $6 per day for the loss of its use); and that he was damaged in the further sums of $125, attorney's fee, and $90, for the other items of expense alleged caused by the wrongful detention of the car, amounting in all to the sum of $1,361, for which he prayed judgment.

Further, plaintiff alleged that he was rightly entitled to the use and possession of said car during all of the period it was withheld under the attachment wrongfully obtained by the appellant Mark A. Watkins, and that by reason thereof he was wrongfully deprived of the use and possession of his automobile for the stated period of 191 days and was compelled to employ attorneys at a fee of $125, which was reasonable; and, further, that by reason of the said attachment of the car, the General Motors Acceptance Corporation, the assignee of the conditional sales contract, under which he had just purchased the attached car from the said defendant Rawlings, was compelled, as assignee of this purchase contract, of date April 25, 1934, to file its intervening petition on June 26, 1934, wherein it was recited that the plaintiff Carter had defaulted in making payment to it of both the May and June monthly installments, by reason of which it elected to assert its rights as assignee under the contract of sale, entitling it to repossess the car and enforce its lien against same and its sale for satisfaction of the remainder of the debt owing it thereon of $519.84.

Further, the appellee alleged that upon the said action of the appellant, Mark Watkins, then coming on for trial, on November 2, 1934, the court at the close of the evidence directed the jury to find for the defendant Carter, here the plaintiff, whereupon a verdict was returned in harmony with this direction, upon which judgment was rendered, "dismissing the petition of Watkins with his said attachment."

To this petition the appellants filed answer, tra-

versing the affirmative allegations of the petition, and by a second paragraph alleged that the title to the car attached was, at all times complained of in the petition, in the General Motors Acceptance Corporation, who, as assignee of the sales contract, had the right under its terms to seize and repossess said car at any time upon default or nonpayment of any of the monthly installments when due; further, that by reason of the plaintiff Carter's having made default in his May and June, 1934, payments, Rawlings, as seller of the car, had the legal right to hold possession of the said car during the time complained of in the petition, and that the plaintiff was for such reason without right to complain of loss of its possession and use, after having defaulted in making due payment of his monthly installments.

Upon trial, the appellee recovered judgment for $300 and costs.

Defendants' motion and grounds for a new trial having been overruled, complaining of the judgment, they have moved for an appeal, here insisting upon and urging substantially the same assignments of error as were set out in their motion and grounds for a new trial.

Among these assignments here urged for reversal, it is argued that the court erred in hearing evidence in support of plaintiff's claim for the recovery of the fee of $125 alleged paid in defense of the action; also, for recovery of damages in the amounts paid by him in the way of court costs and for the repair of his car, alleged injured and damaged by deterioration and its wrongful use during the period it was held under the attachment.

It is sufficient answer to these objections to say that whether or not the court erred in respect to hearing such evidence, the appellants were not prejudiced thereby, in that the court eliminated from the consideration of the jury all such claims to damages in its complained of instruction given the jury, whereby it confined its right to find for the plaintiff only such damages as it believed he had suffered by reason of the loss of the use of his car during the period it was held under the wrongfully obtained attachment. Therefore, it results that it is unneedful to discuss the questions raised as to errors committed which could have thus not resulted in any prejudice to the appellants.

We conceive, however, that appellants' contention that the instruction as given by the court was erroneous is meritorious. This criticized instruction is as follows:

"You will find for the plaintiff such sum in damages as you may believe from the evidence represents the reasonable value of the use of the automobile mentioned in the evidence, if any, from the time it was taken charge of by the sheriff on May 9th, 1934, until it was released on the 2nd day of November, 1934, not exceeding however the sum of $1,146, that being the amount claimed on this account."

It is to be noted that by this instruction the jury is told that it may find damages for the plaintiff in such sum as they may believe from the evidence represents the reasonable value of the use of the automobile during the entire period of its detention under the attachment, that is from May 9, 1934, until the rendition of the judgment on November 2, 1934, or 191 days, at not exceeding the rate of $6 per day, prayed for, or a total sum of $1,146 covering such period.

In considering the merit of appellants' criticism of this instruction, we will approach it first from the standpoint of whether or not appellee had the right to recover any damages for the withholding of the car from him during this period, and, if so, for what part of the time did he have the right to recover.

It is urged by appellants that, inasmuch as the plaintiff had bought this car under a conditional sales contract, by the terms of which the title to the car was retained in the seller until paid for, with the right given the seller to take over the possession of the car from the buyer whenever he so elected, upon the latter's failure to make due payment of the contracted deferred monthly installment payments, he was not the owner of it until the purchase price was paid in full.

It is shown that this contract of purchase of the car was entered into on April 25, 1934, when a down cash payment was made and eighteen deferred monthly installments contracted for, which were due and payable on the 25th of each of the eighteen consecutive months, or, that is to say, these deferred monthly installments became due on May 25, June 25, etc., respectively.

This contract of purchase was sold and assigned by Rawlings to the General Motors Acceptance Corporation, who financed plaintiff's purchase of the car, and which succeeded to all the seller's rights thereunder.

The plaintiff having made a cash payment of some $300 upon the car and been given the possession of it, he was certainly entitled on the succeeding May 9, when the car was attached, to the possession and use of the car and until such time as such right was forfeited by him by default in making the agreed installment payments. No such default had occurred at the time the car was attached by appellants. The mere fact that seller under the contract retained title to the car certainly was not inconsistent with, nor denied plaintiff the right to the use and possession of the car, which he had acquired under his contract, until such time as he might make default in the installment payments.

This matter was very helpfully discussed in the General Motors Acceptance Corporation v. Dickinson, 249 Ky. 422, 60 S. W. (2d) 967:

"Since the passage of the Uniform Sales Act with its provisions applicable to conditional sales, we have had no occasion to pass on the rights of the buyer and seller under a conditional sales contract on default of the buyer beyond to hold that the seller under such contract has the undoubted right to repossess peacefully, if he can, the goods sold."

Further, the opinion quotes with approval the following language of the case of Brown v. Woods Motor Co., 239 Ky. 312, 39 S. W. (2d) 507, 509:

"Without any purpose of prejudging, it may be observed that, having regained possession of the chattel, the rights of the buyer inuring to him from the payment of more than one-third of the purchase price of the machine were not forfeited, anything in the contract to the contrary notwithstanding. The Sales Act undertakes to provide appropriate remedies, and, when administered with the application of equitable principles, we have no doubt the rights of both parties will be conserved."

Further, the opinion says:

"As stated, it has been held by us that, on de-

fault, the seller under a conditional sales contract may peacefully repossess himself of the chattel sold. At least where a substantial portion of the purchase price has been paid by the buyer prior to the default on his part and the repossession by the seller as is the situation in the case before us * * * the seller should under equitable principles afford some measure of protection to the buyer's equity in the property which, as said in the Brown Case, supra, is not forfeited by the default. We are of the opinion that the proper measure of protection in such state of case is obtained by a resale of the property, applying the proceeds to the unpaid portion of the purchase price.''

In the instant case, a reference to the terms of the conditional sales contract, under which appellee here purchased the car wrongfully attached by appellants, shows that appellee paid a down cash payment of $300 on the car, or more than one-third of the purchase price of some $800, which was then delivered to him.

This right of plaintiff to the use and possession of the car, given him under the contract of purchase, was certainly in force at the time of its attachment on May 9, before any default was made by him in the promised payment of the deferred monthly installments. The language of the contract is not that such default in payment of a deferred installment shall automatically or ipso facto divest the purchaser of his right to the use and possession of the car, but that it shall, upon the seller's election, vest him with the right to recover possession of the car for the purpose of foreclosing his lien thereon for the satisfaction of the unpaid remainder of its purchase price. No such election to recover possession of the car for nonpayment of monthly installments by the purchaser was made by the seller, or rather by his assignee of the sales contract, until June 26, 1934, when the appellants having attached this car, the General Motors Acceptance Corporation, as assignee of the sales contract, filed its intervening petition in the case, exercising its right to take over the possession of the car and sell it for the satisfaction of the debt. The appellant Watkins, the seller of the car to appellee, assigned the sales contract to the General Motors Corporation and therefore had assigned his

right under the contract to repossess the car. Therefore he cannot be heard to defend his act of depriving appellee of his right, as purchaser, to the use and possession of the car by pleading appellee's default in the installment payments, which had not occurred at the time he wrongfully obtained and had levied his attachment against it, under which the car was taken and withheld from appellee.

However, it is equally clear that the General Motors Acceptance Corporation did, under the terms of the sales contract sold and assigned it, have the right on June 26, when it filed its intervening petition (the purchaser then having twice defaulted in the payment of the monthly installments) to repossess the car and did, upon the filing of its intervening petition, exercise such right, thereby terminating the appellee's right under the contract to further use and possession of the car.

From this it must follow that appellee's right to the use and possession of the car having so terminated with the filing of the General Motors Acceptance Corporation's intervening petition on June 26, 1934, he cannot be allowed to recover for the loss of the use of the car thereafter as a damage suffered by him by reason of its being withheld under a wrongful attachment. But such fact is without prejudice to the purchaser's right to recover for the loss of the possession and use of the car in his business from the time the attachment, wrongfully obtained, was levied thereon and the car taken from him thereunder on May 9, 1934, until June 26, or for a period of fifty days, intervening between the levying of the attachment on May 9 and the filing of the General Motors Acceptance Corporation's intervening petition on June 26.

It is insisted by appellants that the court erred in hearing plaintiff's testimony on the question of what was the full amount of his damage from the loss of the use of the car for his business purposes; that his testimony upon such point, that it was $7 or $8 a day, was but a conclusion and therefore improperly admitted.

It is true the appellee testified that he was the operator of a coal mine and that he bought the car both for its pleasure use by the family and also for using it

in soliciting coal orders for his mine output. Of course, it may be conceded as to this that the appellee was confined in his recovery of damages for the loss of the use of the car only in his business. However, his testimony was that such loss injured him to the extent of $7 or $8 a day.

Section 7, Kentucky Statutes, provides:

"If property be distrained or attached without good cause for suing out such distress or attachment, the owner of such property may, in an action against the party suing out the distress or attachment, recover damages for the wrongful seizure."

Here appellee's suit for recovery of damages was based upon the appellants' attachment bond, executed to obtain the order of attachment. In such case, the rule is that the discharge of the attachment on the merits is conclusive that it was issued without probable cause.

Further the language of this bond, executed pursuant to section 198, Civil Code of Practice, is that its makers "shall pay to the defendant, Loy Carter, the damage, not exceeding $1,368, which he may sustain by reason of the attachment in this action if the order therefor is wrongfully obtained."

Further, it was adjudged in the Watkins suit, wherein the attachment bond was executed, that the order of attachment was obtained and levied by Watkins without good cause, in violation of section 7, Kentucky Statutes, supra, by reason of which his petition was dismissed and from which judgment no appeal was taken.

We are, therefore, led to conclude, after a careful consideration of these questions here presented, that the complained of instruction here given by the learned trial judge upon his own motion was in error, in permitting the jury to find for the appellee such damages as it might believe from the evidence represented the value of the loss of the use of the automobile for the entire period it was taken in charge and held by the sheriff, from May 9, 1934, until it was released upon final judgment rendered on the second day of November, 1934, not exceeding, however, the sum of $1,146, or $6 for each day of that period as prayed for.

Such instruction, permitting the jury to find damages covering so long a period, was erroneous, in that, for the reasons hereinabove stated, it is clear the appellee was not deprived of the use of the car in his business from the time it was taken charge of by the sheriff until November 2, 1934, by the wrongfully issued and levied attachment, but only until the filing of the intervening petition by the General Motors Acceptance Corporation on June 26, or a period of 50 days, when appellee lost his right to the use and possession of the car by his default in the payment of two of the deferred installments.

The rule is, as to the measure of damage for the loss of the use of property, used by the owner in his business, while held under an attachment unlawfully obtained, that it is the value of the use of property during the time the owner was deprived of its possession. Eureka Dry Cleaners v. Stone Brothers & Shrout, 261 Ky. 15, 86 S. W. (2d) 1032.

The mere fact that the jury found for the plaintiff the sum of $300, which could have been based on the finding of damages at the rate of $6 a day, as prayed for, for 50 days, is no proof that it did so. It might well have awarded plaintiff damages at a smaller daily rate for a greater number of days or for the 191 days allowed by the instruction.

The instruction, improperly authorizing the jury to find damages for plaintiff for 191 days, where not entitled to damages for more than 50 days, was, for the reasons stated, erroneously prejudicial to the appellants and for such reason the motion for appeal is granted and the judgment reversed and cause remanded for further proceedings consistent herewith.