# H. Eilerman & Sons v. Nestley.

### Feb. 11, 1941.

Gregory W. Hughes and Andrew W. Clark for appellant.

Wm. A. Bolan and James E. Quill for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In December, 1938, H. Eilerman & Sons, a corporation, engaged in the merchandise business, instituted an action in the Kenton county quarterly court against Dr. E. J. Nestley to recover of him the sum of about $41 on a store account, and procured or caused to issue an order of attachment which was levied by the sheriff of Kenton county upon an automobile belonging to appellee, Edward J. Nestley, the father of Dr. E. J. Nestley, defendant in the quarterly court action. The sheriff took the automobile from the garage of appellee and placed it in storage where it was kept about thirteen days. Upon trial of the action in the quarterly court it developed that Dr. E. J. Nestley did not owe appellant any store account and also the automobile attached was the property of appellee, Edward J. Nestley, and the attachment was discharged.

In January, 1939, appellee instituted the present action in the Kenton circuit court to recover of appellant for the wrongful attachment and seizure of his

automobile. He alleged in his petition, among other things, that the wrongful attachment and seizure of his automobile resulted in the loss of its use to him for thirteen days and that reasonable damage for the loss of use was $10 per day, or a total of $130. He further alleged that appellant "acted in such a reckless, wilful and malicious manner in causing the attachment and removal of his automobile from his home that he was subjected to much humiliation and mortification and has suffered much mental anguish, thus further damage in the sum of $5,000," and prayed judgment in the sum of $5,130. Appellant filed its answer traversing the allegations of the petition thus completing the issue, but before the case went to trial appellant moved the court to require appellee to elect the cause of action he would prosecute, that is, damages for the wrongful seizure and loss of use of the automobile, or for malicious prosecution in procuring the attachment against and the seizure of the automobile by appellant. Appellee elected to prosecute his action for malicious prosecution or maliciously suing out the order of attachment and upon his motion the allegations relating to the damages for the wrongful seizure and loss of use of the automobile was stricken from the petition. A trial was had before a jury and resulted in a verdict and judgment thereon in the sum of $500 in favor of appellee.

Appellee introduced evidence to show the suit in the quarterly court against Dr. E. J. Nestley; the procurement of attachment and its discharge and the result of that trial in favor of Dr. E. J. Nestley, as we have indicated above, and other evidence relating to the store account of Dr. E. J. Nestley which he at one time owed appellant. However, since the decisive question in this case is one of law rather than the sufficiency of the evidence, it becomes unnecessary to enter into discussion of the evidence.

In the motion and grounds for a new trial and in brief of appellant, a number of alleged errors or grounds for reversal of the judgment are discussed, but it is not necessary for us to enter into a discussion of or to determine but one of them, namely, whether or not appellee, in the circumstances and facts of this case, has or can maintain a cause of action against appellant for malicious prosecution.

It is earnestly insisted by appellant that appellee's

only remedy or cause of action, if any he has against appellant, is for damages for the wrongful seizure and detention of the automobile.

Appellee comes within the category of a third party whose property was wrongfully attached and the question here involved is whether or not such third party may have a cause of action for malicious prosecution based upon the procurement of an order of attachment issued in an action between other parties. This question has been before this court in numerous cases, the most recent one of which is Eureka Dry Cleaners v. Stone Brothers & Shrout, 261 Ky. 15, 86 S. W. (2d) 1032. In that case the facts are the same as the ones involved in the present case, namely, the property of a third person was wrongfully attached without good cause, or any cause at all, as was done in the present case. In the course of the opinion in that case it is said:

"Each and all of said orders of attachment and the levies thereon were obtained and levied by the defendants without good cause or any cause at all on the aforesaid property of the plaintiffs in violation of Section 7, Kentucky Statutes, by reason of which plaintiffs suffered certain damages. Notwithstanding the fact that plaintiffs in the action against V. B. Combs had knowledge of the fact that the pressing machine attached by them in that action was then the property of plaintiffs, they wrongfully and without good cause, or any cause at all, produced an order of attachment which was directed to the sheriff of Nicholas county, and procured and had the sheriff to levy said attachment upon the property of the plaintiffs, to wit, said pressing machine, and wrongfully and without good cause, or any cause at all, held possession of same for a period of nine months."

After distinguishing the case of Basham v. Citizens' Loan Co., 216 Ky. 251, 287 S. W. 719, relied on by the appellee in that case, we further said:

"The action under consideration is between the intervening claimants, who were finally adjudged to be the owners of the property, and the plaintiff in the attachment suit. They are not concerned with whether the plaintiff had grounds for the attachment, or acted without probable cause. The basis

of their action is that their property was seized by the sheriff at the insistence of defendants, and kept for a period of nine months. * * * but the measure of damages, where as here the property is used by the owners, is the value of the use of the property during the time they were deprived of its possession."

Also, in the case of Farmers' & Traders' Tobacco Warehouse Company v. Gibbons, 107 Ky. 611, 55 S. W. 2, 4, 21 Ky. Law Rep. 1348, the facts are substantially the same and, the principles of law discussed and decided pertaining to the rights of a third party whose property has been seized under an order of attachment in an action to which he was not a party and against whom no attachment was sought is precisely the same as are involved in the present case. It is there said:

"There is nothing in that proceeding showing that an attachment was sought against appellee or his property, and the law is well settled that an action for the malicious or wrongful suing out of an attachment can only be maintained by a defendant against whom such attachment had been actually sued out. See Jagg. Torts, 612; Duncan v. Griswold, 92 Ky. 546, 18 S. W. 354 [13 Ky. Law Rep. 765]."

In the case of Duncan v. Griswold [92 Ky. 546, 18 S. W. 354, 13 Ky. Law Rep. 765], cited in the above quotation, it is said:

"We know of no principle upon which a person may maintain an action for malicious prosecution of either civil or criminal proceedings to which he was no party, nor have we been referred to any adjudged case where such action has been successfully maintained. * * *"

In the case at bar no attachment was sought against appellee or his property but the whole proceeding was against Dr. E. J. Nestley. On the question of measure of damages for the wrongful seizure and detention of property, see, also, Bozeman Mortuary Association v. Fairchild et al., 260 Ky. 748, 86 S. W. (2d) 979; Pettit and Owens v. Mercer, 8 B. Mon. 51. Many other authorities of a like or similar nature might be cited but we deem it unnecessary to further encumber this opinion by citation of cumulative authorities. It is our view

that the authorities, supra, are conclusive of the present case.

We conclude, therefore, that appellee's only remedy or cause of action, if any he has, is for damage for the wrongful seizure and detention of his automobile and, since he elected to try upon his alleged cause of action for malicious prosecution, which he cannot maintain, the court should have sustained appellant's motion for a directed verdict in his favor.

Wherefore the judgment is reversed and remanded with directions to set it aside and for proceedings consistent with this opinion.